FILED: NEW YORK COUNTY CLERK 04/09/2013
NYSCEF DOC. NO. 6
Case 1:13-cv-02855-WHP   Document 1   Filed 04/09/13   Page 1 of 9
INDEX NO. 153098/2013
RECEIVED NYSCEF: 04/09/2013
13 CIV 2855

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X

AT LAST SPORTSWEAR, INC.,

                *Plaintiff*,

                Index No.: _____
                            (*unassigned*)

       -against-

MICHAEL KAMENS,

                **NOTICE OF REMOVAL**

                *Defendant*.

--------------------------------------------------------------X

Michael Kamens, Defendant in the above-captioned matter, hereby files the within Notice of Removal of this action and states, in support of the Notice of Removal, that:

1.     This action was commenced in the Supreme Court of the State of New York, County of New York, by the filing of a Complaint on April 4, 2013, which is entitled *At Last Sportswear, Inc. v. Michael Kamens*, 153098/2013. A true and correct copy of the Complaint is annexed hereto as *Exhibit A*.

2.     Defendant has not been served the Complaint.

3.     This Notice of Removal is filed within thirty (30) days of notice of the initial pleading setting forth the claims for relief upon which this action is based. In the event that Defendant is served the Complaint, thirty (30) days will be counted from the date of service of process.

4.     No hearings or other proceedings have taken place in this action to Defendant's knowledge.

5.     Plaintiff alleges that Defendant purportedly breached a contract and fiduciary duties.

1

6. Defendant is a citizen and resident of the State of Pennsylvania, County of Bucks.

7. At Last Sportswear, Inc. is a New York corporation, which maintains a principal place of business in New York City, county of New York.

8. Plaintiff pleads damages of twenty-five million dollars ($25,000,000), including punitive damages, and additionally requests: (1) costs and disbursements; and (2) attorneys fees. As such, Plaintiff's alleged damages are such that the U.S. District Court has jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. §1332(a), and their claims are therefore removable to the U.S. District Court under 28 U.S.C. §1441(a).

**WHEREFORE**, Defendant requests that the foregoing action be removed from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York.

Dated: New York, New York
April 9, 2013

By: _____
Walker G. Harman, Jr. [WH-8044]
THE HARMAN FIRM, PC
*Attorneys for Defendants*
200 West 57th Street, Suite 900
New York, New York 10019
(212) 425-2600
wharman@theharmanfirm.com

# Exhibit A

FILED: NEW YORK COUNTY CLERK 04/04/2013
NYSCEF DOC. NO. 1

INDEX NO. 153098/2013
RECEIVED NYSCEF: 04/04/2013

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------x
AT LAST SPORTSWEAR, INC.

     Plaintiff,

- against -

MICHAEL KAMENS

     Defendant.
-------------------------------------------------------x

Index No.:

Plaintiff designates
New York County
As the place of trial.

**SUMMONS**

Basis of Venue:
Plaintiff's Principal
Place of Business

To the above-named Defendant:

  **YOU ARE HEREBY SUMMONED** and required to serve upon Plaintiff's attorney, at its address stated below, an answer to the attached Complaint.

  If this Summons was personally served upon you in the State of New York, the answer must be served within twenty (20) days after such service of the Summons, excluding the date of service. If the Summons was not personally delivered to you within the State of New York, the answer must be served within thirty (30) days after service of the Summons is complete as provided by law.

  If you do not serve an answer to the attached Complaint within the applicable time limitation stated above, a judgment may be entered against you, by default, for the relief demanded in the Complaint, without further notice to you.

  The action will be held in the Supreme Court of the State of New York in and for the County of New York. This action is brought in the County of New York because venue is fixed by written agreement.

DATED: New York, New York
   April 04, 2013

            ALONSO, ANDALKAR, SMALL, TORO & FACHER, P.C.
            Attorneys for Plaintiff
            920 Broadway, 16th Floor
            New York, New York 10010
            (212) 598-5900

Plaintiff's Address:     525 7th Avenue, Suite 1501, New York, NY 10018

Defendant's Address:    1950 Timber Lakes Dr., Yardley, PA 19067

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------x

AT LAST SPORTSWEAR, INC.                                Index No.

          Plaintiff,

                                                 **COMPLAINT**

-against-

MICHAEL KAMENS,

          Defendant.
-----------------------------------------------------------------x

      Plaintiff AT LAST SPORTSWEAR, INC. by its attorneys, Alonso, Andalkar, Small, Toro & Facher, P.C. as and for its Complaint against Defendant Michael Kamens alleges and sets forth as follows:

<u>PARTIES</u>

      1.     Plaintiff At Last Sportswear, Inc. ("At Last") is a domestic corporation doing business in the City, County and State of New York.

      2.     Upon information and belief, Defendant Michael Kamens ("Kamens") is an adult individual, residing at 1950 Timber Lakes Drive, Yardley, Pennsylvania 19067.

      3.     Jurisdiction over Kamens is properly exercised under CPLR 302(a)1 as the contract at issue herein was negotiated, executed and performed by the parties in the City, County and State of New York, and under the consent to jurisdiction provision contained in the subject agreement.

<u>AS AND FOR A FIRST CAUSE OF ACTION<br>FOR BREACH OF CONTRACT</u>

      4.     On or about August 06, 2012, At Last and Kamens entered into an agreement (the "Agreement) which provided for the employment of Kamens by At Last. A copy of the Agreement is annexed hereto as Exhibit A.

      5.     The Agreement provided, in pertinent part, as follows:

Executive shall serve in an executive capacity and shall perform such duties as are customarily associated with his then current title and such additional duties reasonably assigned to the Executive by Sunil Ahuja, the CEO of the Company in each case as consistent with Executive's position. The CEO has the right to assign and change the Executive's duties at any time, subject to the Executive's rights under this Agreement in the event such assignment or change shall constitute Good Reason (as defined in Section 8 below). Following is a brief description (including but not limited to) of the executive's duties:

(a) Executive shall be the President of Sales for the Company with respect to At Last Products, and as such shall be in charge of showroom sales of At Last Products and shall train and supervise sales staff hired by the Company.

(b) In the capacity of President (Sales) and Head of the Showroom, Executive shall have complete and independent responsibility for Sales, Designs, Showroom management & administration functions.

(c) Executive shall supervise and provide guidance to the Design & Merchandising Department of the Company. Executive shall also coordinate with the Production and Sourcing departments of the Company.

(d) Executive shall be responsible for preparing detailed sales forecasts for Company's breaking down projected sales by customer, account and sales person. Executive acknowledges and agrees that such projected sales figures shall be relied upon by the Company in order to enable it to acquire the proper amount and type of fabric and to properly insure production of At Last Products. Should company disapprove such sales projections, Executive shall use his best efforts to make acceptable modifications.

(e) Executive shall, subject the approval of the Company, assist in the advertising of At Last Products with all such advertising to be done at the sole cost and expense of the Company.

(f) Executive shall travel as reasonably required in the performance of such duties of the Company.

[Exhibit "A", Paragraph 1.3, pages 1-2.]

\*   \*   \*

(a) The Company shall have the right to terminate Executive's employment with the Company at any time for Cause by giving notice as described in Section 8.4 of this Agreement.

2

> (b) "Cause" for termination shall mean: . . . (b) Executive's breach of any material provision of this Agreement; (c) Executive's repeated refusal to abide by or comply with the reasonable directives of the Company and/or its CEO consistent with his duties; (d) Executive's willful dishonesty, fraud, or gross misconduct with respect to the business or affairs of the Company or of his duties hereunder; (e) Executive's intentional damage to any material or valuable property of the Company; (f) conduct by Executive which demonstrates gross unfitness to serve.

[Exhibit "A", Paragraph 8.1, page 8.]

\* \* \*

> Termination of Executive's employment pursuant to this Agreement shall be effective on the earliest of: . . .
>
> (b) Immediately upon the Company giving written notice to Executive of his termination for Cause.

[Exhibit "A", Paragraph 8.4(b), page 8.]

6. On or about December 04, 2012, Kamens began rendering services to At Last as its President of Sales.

7. On or about March 21, 2013, Kamens left At Last's employ without any provision of notice pursuant to the Agreement or otherwise.

8. At all times relevant hereto, Plaintiff complied with all of its duties and obligations under the Agreement.

9. On or about April 04, 2013, At Last issued a notice of termination to Kamens.

10. Kamens breached the Agreement by, *inter alia,*:

(a) abandoning his employment by At Last;

(b) terminating such employment in violation of the express provisions of the Agreement, such as by effecting such termination without "Good Reason" as required by Paragraph 8.2 of the Agreement;

(c) failing to provide At Last with notice of his intent to terminate his employment pursuant to Paragraph 10.1 of the Agreement;

3

(d) failing or refusing to perform the duties required by his position as President of Sales;

(e) refusing to abide by the directives of At Last's CEO and perform such tasks as were assigned to him in accordance with the Agreement; and

(f) utilizing abusive language toward At Last's employees resulting in physical and emotional trauma to At Last's staff and executives; and

(g) engaging in conduct that demonstrated a gross unfitness to serve.

11. As a direct and proximate result of Defendant's breach of the agreement, Plaintiff has suffered damages in excess of $5,000,000.00 in an exact amount to be determined at trial.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR BREACH OF FIDUCIARY DUTY

12. Plaintiff repeats and realleges each and every allegation contained in the paragraphs numbered 1 through 11 of the Complaint with the same force and effect as though more fully set forth herein.

13. Kamens was a fiduciary of At Last while acting in his capacity as President of Sales.

14. Kamens's aforementioned actions constituted a breach of fiduciary duty.

15. As a result of Defendant's breach of fiduciary duty, Plaintiff has suffered damages in excess of $5,000,000.00 in an amount to be determined at trial.

16. The actions of Kamens were effected in bad faith, and were malicious, intentional, and intended solely with the intent to cause damage to At Last.

17. Based upon the intentional, malicious and deliberately harmful nature of the Kamens's actions, At Last is entitled to an award of punitive damages in excess of $15,000,000.00 in an amount to be determined at trial.

**WHEREFORE,** Plaintiff requests judgment against Defendant, as follows:

4

(a)  On the First Cause of Action for breach of contract, compensatory damages in excess of $5,000,000.00 in an exact amount to be determined at trial;

(b)  On the Second Cause of Action for breach of fiduciary duty, compensatory damages in excess of $5,000,000.00 in an exact amount to be determined at trial, plus punitive damages in excess of $15,000,000.00 in an amount to be determined at trial;

(c)  An award of attorneys fees; together with

(d)  All costs and disbursements of this action.

Dated: New York, New York
April 04, 2013

                               ALONSO, ANDALKAR, SMALL
                               TORO & FACHER, P.C.

By: _____
                               Mark J. Alonso
                               Attorneys for Plaintiff
                               920 Broadway, 16th Floor
                               New York, New York 10010
                               (212) 598-5900