

Representing Management Exclusively in Workplace Law and Related Litigation

| Jackson Lewis LLP | ALBANY, NY | DETROIT, MI | MINNEAPOLIS, MN | PORTSMOUTH, NH |
| 666 Third Avenue | ALBUQUERQUE, NM | GREENVILLE, SC | MORRISTOWN, NJ | PROVIDENCE, RI |
| New York, New York 10017 | ATLANTA, GA | HARTFORD, CT | NEW ORLEANS, LA | RALEIGH-DURHAM, NC |
| Tel 212 545-4000 | AUSTIN, TX | HOUSTON, TX | NEW YORK, NY | RICHMOND, VA |
| Fax 212 972-3213 | BALTIMORE, MD | INDIANAPOLIS, IN | NORFOLK, VA | SACRAMENTO, CA |
| www.jacksonlewis.com | BIRMINGHAM, AL | JACKSONVILLE, FL | OMAHA, NE | SAINT LOUIS, MO |
| | BOSTON, MA | LAS VEGAS, NV | ORANGE COUNTY, CA | SAN DIEGO, CA |
| | CHICAGO, IL | LONG ISLAND, NY | ORLANDO, FL | SAN FRANCISCO, CA |
| | CINCINNATI, OH | LOS ANGELES, CA | PHILADELPHIA, PA | SEATTLE, WA |
| | CLEVELAND, OH | MEMPHIS, TN | PHOENIX, AZ | STAMFORD, CT |
| | DALLAS, TX | MIAMI, FL | PITTSBURGH, PA | WASHINGTON, DC REGION |
| | DENVER, CO | MILWAUKEE, WI | PORTLAND, OR | WHITE PLAINS, NY |

MY DIRECT DIAL IS: 212-545-4028

**MEMO ENDORSED**

July 12, 2013

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/23/13
```

**Via Federal Express Mail**
The Honorable William H. Pauley III
United States District Judge
United States Court House
500 Pearl Street
New York, New York 10007

Re:  At Last Sportswear, Inc. v. Kamens,
     Kamens v. At Last Sportswear, Inc., Duchon, Ahuja and Israni (13-cv-2355-WHP)

Dear Judge Pauley:

We represent Third-Party Defendants At Last Sportswear Inc., Bonni Duchon, Sunil Ahuja and Sanjay Israni in the above referenced matter. We are writing pursuant to Individual Practice Rule III.A to request a pre-motion conference in connection with Third-Party Defendants' anticipated motion to dismiss all counter and third-party claims brought by Michael Kamens. Third-Party Defendants respectfully submit that, for the reasons set forth below, all counter and third-party claims in the Answer filed by Kamens fail to state any claim upon which relief may be granted and therefore should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

**Fraudulent Misrepresentation Claims Against At Last, Ahuja and Israni Should Be Dismissed**

Kamens' claims of fraudulent misrepresentation against At Last, Ahuja and Israni should be dismissed for failure to state a claim. Specifically, Kamens alleges that he was shown purported profits of At Last which were allegedly "patent lies" and the sales he was told he could expect to earn were based on lies. Under New York law, a plaintiff asserting fraudulent misrepresentation must plead the following: (1) the defendant made a material false statement, (2) with the intent to defraud the plaintiff thereby, (3) the plaintiff reasonably relied upon the representation, and (4) the plaintiff suffered damage as a result of such reliance. *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co.*, 375 F.3d 168, 186-87 (2d Cir. 2004). Further, Fed. R. Civ. P. 9(b) requires that a plaintiff allege facts that "give rise to a strong inference of intent to defraud." *Henneberry v. Sumitomo Corp. of Am.*, 532 F. Supp. 2d 523, 545 (S.D.N.Y. 2007) (citation and internal quotation marks omitted).[1]

Not only does Kamens' third-party complaint fail to meet the heightened standard of Rule 9(b) it also fails to demonstrate any of the elements necessary to prove a claim of fraudulent

---

[1] "Although malice, intent, knowledge and other conditions of mind of a person may be averred generally . . . this leeway is not a license to base claims of fraud on speculation and conclusory allegations." *Eternity Global Master Fund Ltd.*, 375 F.3d at 187.



misrepresentation. Kamens does not state any facts that demonstrate that At Last, Ahuja or Israni acted with malice towards him regarding any alleged misrepresentations nor that they had any motive or opportunity to make such misrepresentations to him. Without more, Kamens' fraudulent misrepresentation claims should be dismissed.

## Tortious Interference Claims Against Duchon and Israni Should Be Dismissed

Kamens' claims of tortious interference with contract against Duchon should be dismissed.[2] The tort of interference with an employment contract cannot lie against the party to the alleged employment contract or the individuals who were agents of the party to the alleged contract. *See, Kosson v. "Aglaze"*, 610 N.Y.S.2d 227, 203 A.D.2d 112, 112 (1st Dep't. 1994). It is not disputed that Duchon was employed by At Last as a Vice President throughout the entire relevant period. As such, the tortious interference with contract claim against Duchon should be dismissed.

Similarly, Kamens' claim of tortious interference with prospective economic advantage and business relations against Duchon and Israni should be dismissed.[3] Courts in New York routinely dismiss this cause of action when the alleged defendants were party to, or agents of a party to a contract with the plaintiff. *See NAS Elecs., Inc. v. Transtech Elecs. Pte Ltd.*, 262 F. Supp. 2d 134, 147 (S.D.N.Y. 2003) (dismissing tortious interference claim where defendants were a party to the agreement); *Four Finger Art Factory, Inc. v. DiNicola*, No. 99 Civ. 1259 (JGK), 2000 U.S. Dist. LEXIS 1221 (S.D.N.Y. Feb. 5, 2000).[4] Further, Kamens' claims should be dismissed because he failed to identify a single opportunity that he missed as a result of any action by Duchon or Israni. *See Solar Travel Corp. v. Nachtomi*, No. 00 Civ. 3564 (AGS) 2001 U.S. Dist. LEXIS 7549 at *38 (S.D.N.Y. Jun. 8, 2001) (dismissing plaintiff's tortious interference with existing or prospective business relations claim, noting that "[w]ithout any details as to the identity of third parties or plaintiff's dealings with them, plaintiff's conclusory allegation that defendant interfered with such dealings is not sufficient to apprise defendant of plaintiff's claims"). Kamens baldly asserts that the "apparel industry is insular" and his "future earnings prospects and reputation were irreparably damaged...." (Third Party Complaint, Paras. 73, 100). These allegations fall far short of providing the necessary detail to state a claim for tortious interference.

## Kamens' Prima Facie Tort Claim Against Duchon Should Be Dismissed

Kamens alleges a claim of prima facie tort against Duchon. Under New York law, to establish a cause of action for prima facie tort, a plaintiff must allege: (1) infliction of intentional

---

[2] In New York, the elements of a tortious interference with contract claim are: "(1) the existence of a valid contract between [a plaintiff] and a third-party, (2) [the defendant's] knowledge of that contract, (3) [the defendant's] intentional procurement of a breach of the contract without justification, (4) actual breach of the contract, and (5) resulting damages." *Constantin Assoc. v. Kapetas et. al.*, 17 Misc.3d 1137A, at *3 (Sup Ct. N.Y. Cty. 2007).

[3] A tortious interference with prospective business advantage/relations (prospective economic advantage) claim requires a plaintiff to allege: "(1) there was an opportunity for [a plaintiff] to enter into a contract with a third-party; (2) [a defendant] wrongfully interfered with that opportunity; (3) but for [defendant's] conduct, [plaintiff] would have entered into the prospective contract; and (4) resulting damages." *Elite Tech. v. Cheung et. al.*, No. 602012/2008, 2009 NY Slip Op 30335U, at *7 (Sup. Ct. N.Y. Cty. Feb. 17, 2009); *Kirch v. Liberty Media Corp.*, 449 F.3d 388, 2008 400 (2d Cir. 2006) (quoting *Carvel Corp. v. Noonan*, 350 F.3d 6, 17 (2d Cir. 2003).

[4] Copies of unreported decisions are attached as Exhibit A.


Attorneys at Law

harm; (2) resulting in special damages; (3) without excuse or justification; and (4) by an act or series of acts which are otherwise lawful. *Burns Jackson Miller Summer & Spitzer v. Linder*, 464 N.Y.S.2d 712, 59 N.Y.2d 314, 332 (1983).

Under the prima facie tort doctrine, a plaintiff cannot recover unless the defendant's conduct was not only harmful, but also done with the sole intent to injure the plaintiff. *Id.* at 333. "Motives of profit, economic self-interest or business advantage are by their terms not malicious, and their presence, even if mixed with malice or personal animus, bars recovery under prima facie tort." *Azby Brokerage, Inc. v. Allstate Ins. Co.*, 681 F. Supp. 1084, 1088 (S.D.N.Y. 1988). As Kamens does not allege that any action committed by Duchon was done with malice, his claim must be dismissed. Further, his claim lacks a statement of particularized damages necessary to state a claim for a prima facie tort. *Discover Grp. v. Lexmark Int'l, Inc.*, 333 F. Supp. 2d 78, 87 (E.D.N.Y. 2004).

### Kamens' Breach of Contract Claim Against At Last Should Be Dismissed

To establish a claim for breach of contract Kamens must allege (1) the existence of an agreement, (2) his own performance under the contract, (3) breach by At Last, and (4) damages. *See, e.g., Underdog Trucking, LLC v. Verizon Servs. Corp.*, No. 09 Civ. 8918, 2010 U.S. Dist. LEXIS 72642 (S.D.N.Y. July 20, 2010). Here, Kamens cannot prove either his own performance under the contract or any breach on the part of At Last. It is not disputed that Kamens failed to perform under his employment agreement. Kamens began working for At Last on December 4, 2012. Without notice and in violation of his employment agreement, Kamens resigned (through his voluntary abandonment and repudiation of) his position as President of Sales for At Last on March 21, 2013. As Kamens voluntarily resigned, he indisputably failed to perform under his employment contract; it is uncontested that Kamens did not honor even the clearly-written obligation to give 30 days notice of his resignation. Further, there is nothing in the third-party complaint that demonstrates that At Last breached the employment agreement in any way by withholding payments from Kamens. Any payment Kamens was entitled to under the employment contract was dependent on his continued employment with At Last. As such, his breach of contract claim should be dismissed.

For all the foregoing reasons, Third-Party Defendants respectfully request that this Court grant their leave to file a motion to dismiss. Thank you for your attention and consideration to this matter.

*[Handwritten: Application granted. The Court will hold a pre-motion conference August 2, 2013 at 11:00 a.m.]*

Respectfully submitted,

JACKSON LEWIS LLP

Diane Windholz /SJS

SO ORDERED:

DW/ra  WILLIAM H. PAULEY III U.S.D.J.

cc: Walker G. Harman, Esq (via email; counsel for Michael Kamens)
Mark J. Alonso, Esq. (via email; counsel for At Last Sportswear, Inc.)
Catania Facher, Esq. (via email; counsel for At Last Sportswear, Inc.)

4847-7809-7172, v. 2