# THE HARMAN FIRM, PC
ATTORNEYS & COUNSELORS AT LAW

200 WEST 57th STREET, SUITE 900, NEW YORK, NEW YORK 10019

TELEPHONE 212 425 2600   FAX 212 202 3926

WWW.THEHARMANFIRM.COM

October 18, 2013

**VIA ECF AND U.S. MAIL**
Hon. William H. Pauley III
United States District Court for the
Southern District of New York
500 Pearl Street, Room 2210
New York, NY 10007

      Re:   *At Last Sportswear v. Kamens*,
              13 CV 2355 (WHP)

Dear Judge Pauley:

      We represent Michael Kamens, the Defendant and Third-Party Plaintiff in this action.

      We are writing to the Court regarding a discovery issue. We have met and conferred with counsel for the Third-Party Defendants, but have been unable to resolve our differences. Specifically, I, along with my colleague Peter J. Andrews, conferred telephonically with Ms. Diane Windholz, a member of the law firm Jackson Lewis LLP, counsel to the Third-Party Defendants, at approximately 10:30 a.m. on Thursday, October 17, 2013.

      On that call, we requested that the depositions of the Third-Party Defendants Bonni Duchon, Sanjay Israni, and Sunil Ahuja, be continued in light of the fact that no discovery responses had yet been made by the Third-Party Defendants at the times of these depositions. By way of background, all three of these individual Third-Party Defendants are employees or directors of Plaintiff and Third-Party Defendant, At Last Sportswear, Inc., and have direct and personal knowledge of the core issues in this litigation.

      These three witnesses were deposed in mid-September. At the beginning of each deposition, counsel for Mr. Kamens explicitly reserved the right to continue or reopen each deposition on the grounds that Third-Party Defendants had not yet responded to Mr. Kamens's discovery requests. Counsel for Mr. Kamens also intentionally ended each examination early enough in the day so as not to consume the seven (7) hours to which Mr. Kamens is entitled to depose each witness. Excerpts from the pages on which this issue was raised, from all three (3) deposition transcripts, are attached hereto as *Exhibits A*, *B*, and *C*.

      The Third-Party Defendants issued partial responses to Mr. Kamens's requests on Monday, October 14, 2013. Mr. Kamens subsequently issued a deficiency letter with respect to opposing counsel's very limited document production, which included just three (3) emails. This is despite the fact that many of Mr. Kamens's requests

Hon. William H. Pauley III
October 18, 2013
Page 2 of 2

specifically sought emails and text messages. Opposing counsel did not produce a single text message.

      However, regarding the three (3) witnesses, counsel for the Third-Party Defendants advised us on yesterday's meet-and-confer call, that these witnesses would not be made available for examination again absent a court order and told us to "go ahead and make your motion."

      In summary, Mr. Kamens now respectfully seeks to continue or reopen these three (3) depositions in order to examine the witnesses in light of the Third-Party Defendants' production and subsequent communications between the parties regarding discovery issues. Even assuming *arguendo* that Mr. Kamens had exhausted the seven (7) hours to which he is entitled—which he did not—pursuant to FED. R. CIV. P. 30(d)(1) and 26(b)(2), the Court may adjust deposition limits as needed to allow for the fair examination of witnesses.

      In accordance with the foregoing, we respectfully request that the Court order the continuation of these three (3) depositions prior to the close of discovery, which occurs November 15, 2013. *See* Scheduling Order signed by the Court, August 2, 2013 (Docket Entry 16).

      We thank the Court for its time and attention to these matters.

      Respectfully submitted,
      THE HARMAN FIRM, PC


      _____s/_____
      Walker G. Harman, Jr. [WH-8044]

Encl.

cc:    Diane Windholz (via ECF)
       Peter J. Andrews (via ECF)