UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
AT LAST SPORTSWEAR, INC.,

       Plaintiff,

    -against-                               13 CV 2355 (WHP)

MICHAEL KAMENS,

       Defendant.
------------------------------------------------------------x
MICHAEL KAMENS,

       Third-Party Plaintiff,

    -against-

AT LAST SPORTSWEAR, INC., BONNI
DUCHON, SUNIL AHUJA, and SANJAY
ISRANI,

       Third-Party Defendants.
------------------------------------------------------------x

## THIRD-PARTY DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STRIKE THIRD-PARTY PLAINTIFF'S JURY DEMAND

## PRELIMINARY STATEMENT

Third-Party Defendants At Last Sportswear, Inc., Bonni Duchon, Sunil Ahuja, and Sanjay Israni (collectively hereinafter "Third-Party Defendants") submit this Memorandum of Law in Support of their Motion to Strike Third-Party Plaintiff Michael Kamens' (hereinafter "Third-Party Plaintiff") Jury Demand. Third-Party Defendants' Motion should be granted because the demand for a jury trial in the Amended Counterclaims and Third-Party Complaint filed by Third-Party Plaintiff is untimely pursuant to Federal Rule of Civil Procedure 38(b) ("Fed. R. Civ. P. 38(b)"). Further, Third-Party Plaintiff's inadvertent failure to make a timely jury demand does not warrant a favorable exercise of discretion under Federal Rule of Civil Procedure 39(b) ("Fed. R. Civ. P. 39(b)").

## PROCEDURAL BACKGROUND

Third-Party Plaintiff filed his Answer, Counterclaims and Third-Party Complaint ("Complaint") on May 24, 2013, and he served his Complaint on Third-Party Defendants on June 14, 2013. *See* Exhibit A to the Affirmation of Diane Windholz (hereinafter "Windholz Aff.")[1]. The Complaint did not contain a written jury demand. *Id.* The only place where the words "Jury Demand" appeared was the May 24, 2013 docket entry for the Complaint. *See* Exhibit B to Windholz Aff. This docket entry was not served on Third-Party Defendants. Counsel for Third-Party Defendants filed a notice of appearance on June 17, 2013. *See* Exhibit C to Windholz Aff. In addition, Third-Party Defendants were never served with a civil cover sheet in this matter. Third-Party Plaintiff's Complaint alleged fraudulent misrepresentation against At Last Sportswear, Inc., Sunil Ahuja, and Sanjay Israni, breach of contract against At Last, tortious interference with contract against Bonnie Duchon, tortious interference with prospective economic advantage and tortious interference with business relations against Bonnie

---

[1] The last page of Exhibit A is the post marked envelope in which the Complaint was served.

Duchon and Sanjay Israni, and prima facie tort against Bonnie Duchon. *See* Exhibit A to Windholz Aff. During the parties' court conference on August 2, 2013, Judge Pauley specifically noted that there was no written jury demand contained in Third-Party Plaintiff's Complaint and that he would try this matter. On August 16, 2013, nearly three months after Third-Party Plaintiff filed his Complaint, Third-Party Plaintiff filed and served his Amended Counterclaims and Third-Party Complaint ("Amended Complaint") which included a written demand for a jury trial. *See* Exhibit D to Windholz Aff. Except for removing the prima facie tort claim against Ms. Duchon, as alleged in the Complaint, the claims asserted in the Amended Complaint are virtually identical to those of the original Complaint. *Id.*

## ARGUMENT

### I. THIRD-PARTY PLAINTIFF'S DEMAND FOR A JURY TRIAL IS UNTIMELY AND SHOULD BE DENIED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 38(d).

Pursuant to Fed. R. Civ. P. 38(b), a party may demand a jury trial by serving other parties with a written demand "no later than 14 days after the last pleading directed to the issue is served" and "filing the demand in accordance with Rule 5(d)." A party's failure to properly serve and file the demand is a waiver of the right to a jury trial. Fed. R. Civ. P. 38(d).

While Third-Party Plaintiff could have included his jury trial demand in his May 24, 2013 Complaint, he failed to do so. In addition, although the text of the May 24, 2013 docket entry for the Complaint noted a "Jury Demand," it was not served on Third-Party Defendants via ECF because counsel for Third-Party Defendants did not appear in this case until June 17, 2013. *See Shambreskis v. Bridgeport & Port Jefferson Steamboat Co.*, 2007 U.S. Dist. LEXIS 35851, * at 7-9 (E.D.N.Y. May 16, 2007) (civil cover sheet noting a jury demand that was *accessible* on pacer to all parties but that had not been served by *pro se* plaintiff on defendant that had not yet

3

filed a notice of appearance at the time of the pacer filing does not satisfy the requirement of Rule 38 that a jury demand be served). The facts in this case present an even more compelling basis for finding that Third-Party Plaintiff has waived his right to a jury trial. In the instant case, unlike *Shambreskis*, Third-Party Plaintiff is represented by counsel. Therefore, Third-Party Plaintiff should be held to an even more stringent standard than *Shambreskis*, and his "Jury Demand" on the docket should not be given any weight in this analysis.

Moreover, Third-Party Plaintiff failed to serve Third-Party Defendants with a written jury demand within fourteen (14) days after serving the Complaint that was filed on May 24, 2013.[2] Under these circumstances, Third-Party Plaintiff had until June 28, 2013 to file and serve a written jury demand on Third-Party Defendants. Further, while Third-Party Plaintiff could have timely filed and served on Third-Party Defendants a civil cover sheet noting that a jury demand had been requested, Third-Party Defendants were never served with such a document. *See Favors v. Coughlin,* 877 F.2d 219 (2d Cir. 1989). In *Favors*, the Second Circuit held that even a *pro se* plaintiff had waived his right to a jury trial pursuant to Rule 38 because while he checked the "yes" box for jury demand on the civil cover sheet, the civil cover sheet was never served on appellees. *Id.* at 220-221.

Given that Third-Party Plaintiff filed and served his Amended Complaint with a jury demand on August 16, 2013,[3] two months after he served his May 24, 2013 Complaint on Third-Party Defendants, he has waived his right to a jury trial.[4] *See Sait Electronics, S.A., v. Schiebel,* 846 F. Supp. 17, 18 (S.D.N.Y. 1994) (finding party's failure to demand jury trial until

---

[2] The Complaint was served on Third-Party Defendants on June 14, 2013. *See* Exhibit A to Windholz Aff.

[3] Third-Party Defendants note that Third-Party Plaintiff failed to abide by the requirements of Fed. R. Civ. P. 39. Instead of moving to seek leave to file an untimely demand for a jury trial, Third-Party Plaintiff unilaterally filed the demand.

[4] No other pleading directed to the issue was served or filed during the period from May 24, 2013 until August 16, 2013.

4

five months after filing of answer to be a waiver of right to jury trial). Third-Party Defendants submit that since the Amended Complaint covers the same "general area of dispute" as was covered in the Complaint, the Amended Complaint did not "revive the right to demand a jury." *Sea Carriers Corp. v. Empire Programs, Inc.*, 2007 U.S. Dist. LEXIS 7812, * 2-3 (Jan 26, 2007). In fact, the only difference between the two Complaints is the removal of the prima facie tort claim against Ms. Duchon. *See* Exhibits A and C to Windholz Aff. Further, when the same parties are the litigants before and after an amended pleading, courts are unlikely to find that a new issue has been raised. *See Rosen v. Dick,* 639 F.2d 82, 96 (2d Cir. 1980); *Westchester Day Sch. v. Vill. of Mamaroneck,* 504 F.3d 338, 356 (2d Cir. 2007). Therefore, Third-Party Defendants respectfully submit that Third-Party Plaintiff has waived his right to a jury trial pursuant to Fed. R. Civ. P. 38(d).

## II. THIRD-PARTY PLAINTIFF'S INADVERTENT FAILURE TO MAKE A TIMELY JURY DEMAND DOES NOT WARRANT A FAVORABLE EXERCISE OF DISCRETION UNDER FEDERAL RULE OF CIVIL PROCEDURE 39(b).

Rule 39(b) of the Federal Rules of Civil Procedure provides that "the court may, on motion order a jury trial on any issue for which a jury might have been demanded." However, in order for the Court to exercise its discretion pursuant to Fed. R. Civ. P. 39(b) to order a jury trial of this matter, Third-Party Plaintiff must make a "showing beyond mere inadvertence" to make a timely jury demand. *Noonan v. Cunard Steamship Co.,* 375 F.2d 69, 70 (2d Cir. 1967) ("mere inadvertence in failing to make a timely jury demand does not warrant a favorable exercise of discretion under Rule 39(b)."). Since *Noonan,* district courts have consistently denied untimely demands due to mere inadvertence. *E.g., Anaconda-Ericsson, Inc. v. American District Telegraph Company,* 101 F.R.D. 13, 16 (E.D.N.Y. 1984) (noting that a party seeking relief from a waiver must explain his failure to seek a jury initially which must go

5

beyond mere inadvertence and holding that since defendant failed to offer any explanation for its omission of a jury demand in its original answer, the court would decline to order a jury trial); *Washington v. New York City Board of Estimate,* 709 F.2d 792 (2d Cir. 1983) (*pro se* plaintiff waived jury trial); *Bellmore v. Mobil Oil Corp.,* 783 F.2d 300, 307 (2d Cir. 1986) (a showing beyond inadvertence of counsel is required to relieve a party from its waiver of a jury demand); *Alvarado v. Santana-Lopez,* 101 F.R.D. 367, 368 (S.D.N.Y. 1989) (Defendants "must show something beyond the mere inadvertence of counsel to obtain relief from their waiver" of a jury trial.); *Westchester Day Sch. v. Vill. of Mamaroneck,* 504 F.3d 338, 356 (2d Cir. 2007) (finding that it was not an abuse of discretion for the district court to deny the Village's request for a favorable exercise of its discretion under Rule 39(b) when the Village had merely neglected to make a timely jury demand).

Third-Party Plaintiff has failed to offer any explanation for the untimeliness of his jury demand and apparently relies exclusively on his admitted mistaken failure to serve a timely written demand. In fact, in Third-Party Plaintiff's September 24, 2013 letter to the Court submitted in response to Third-Party Defendants' August 26th correspondence requesting a pre-motion conference in connection with this motion, Third-Party Plaintiff stated:

> Although Your Honor noted that there was no jury demand during the parties' conference on August 2, 2013, Mr. Kamens' compliance with the ECF R. & I. do not support a presumption of bad faith. *We respectfully submit that this omission was a result of a mistake…*

*See* Exhibit E to Windholz Aff. (emphasis added).

Based on Third-Party Plaintiff's acknowledgement that the omitted jury demand was the result of "mistake," Third-Party Defendants respectfully submit that the Court should decline to exercise its discretion to permit the untimely jury demand pursuant to Federal Rule of Civil Procedure 39(b).

## CONCLUSION

For the foregoing reasons, the Court should decline to exercise its discretion to permit the untimely jury demand pursuant to Federal Rule of Civil Procedure 39(b) and the Third-Party Defendants' motion to strike the jury demand as untimely pursuant to Federal Rule of Civil Procedure 38 should be granted.

Respectfully submitted,

JACKSON LEWIS LLP

666 Third Avenue, 29th Floor
New York, New York 10017
(212) 545-4000 Telephone
(212) 972-3213 Facsimile

By: _____
Diane Windholz (DW 9806)
Orla J. McCabe (OM 1441)

ALONSO, ANDALKAR, SMALL, TORO
& FACHER, P.C.
920 Broadway
New York, NY 10010
(212) 598-5900

By: _____
Mark J. Alonso
Katherine Jensen

ATTORNEYS FOR THIRD-PARTY DEFENDANTS

Dated:   October 18, 2013
         New York, New York

## CERTIFICATE OF SERVICE

      I hereby certify that on October 18, 2013, Third-Party Defendants' Memorandum of Law in Support of their Motion to Strike Third-Party Plaintiff's Jury Demand was served in accordance with the Federal Rules of Civil Procedure, the Southern District's Local Rules, and the Southern District's Rules on Electronic Service upon the following parties and participants:

      Walker G. Harman, Jr., Esq.
      200 West 57th Street, Suite 900
      New York, New York 10019

_____
ORLA J. MCCABE, ESQ.

4826-2463-4902, v. 1