# THE HARMAN FIRM, PC

### ATTORNEYS & COUNSELORS AT LAW

200 WEST 57th STREET, SUITE 900, NEW YORK, NEW YORK 10019

TELEPHONE 212 425 2600   FAX 212 202 3926

WWW.THEHARMANFIRM.COM

September 25, 2013

**VIA HAND DELIVERY**
Hon. William H. Pauley III
United States District Court for the
   Southern District of New York
500 Pearl Street, Room 2210
New York, New York 10007

> **Re:**   *At Last Sportswear v. Kamens,*
>             **13 CV 2355 (WHP)**

Dear Judge Pauley:

We represent Defendant Michael Kamens in the above-referenced action. We are writing in reference to Third-Party Defendants' request for a pre-motion conference for their anticipated motion to strike Mr. Kamens' demand for a jury trial. Mr. Kamens respectfully submits that his jury demand was timely and consistent with the requirements of FED. R. CIV. P. 38.

In their August 26, 2013 letter to Your Honor, Third-Party Defendants argued that Mr. Kamens waived his right to a jury because the demand was not expressly included within his Third-Party Complaint filed on May 24, 2013. *See* Docket Entry 10. Mr. Kamens respectfully contends that his jury demand was timely because it was submitted with the filing as is clear in the docket text, which in part reads *verbatim*, "ANSWER to Complaint with JURY DEMAND," all of which was immediately served on all parties, and thereby complied with FED. R. CIV. P. 38(b).

## I.    Mr. Kamens Complied with the Requirements of FED. R. CIV. P. 38(b).

The main issue with respect to jury trial demands is timely notice. FED. R. CIV. P. 38; *see also Wright v. Lewis*, 76 F.3d 57, 59 (2d Cir. 1996). FED. R. CIV. P. 38(b) establishes that a party may demand a jury trial by "serving the other parties with a written demand—which *may* be included in a pleading," and by filing the demand pursuant to FED. R. CIV. P. 5(d). *Id.* (emphasis added).

Rule 9.1 of the Electronic Case Filing Rules & Instructions ("ECF R. & I.") for the Southern District of New York establishes that service is complete once all parties receive a Notice of Electronic Filing ("NEF"). In defining the requirements of a written demand, the S.D.N.Y. emphasizes that FED. R. CIV. P. 38 requires only that a jury demand be "made in writing, not that it be contained in a pleading or indeed take any particular form." *Ginsberg v. Twayne Publishers*, 600 F. Supp. 247, 248 (S.D.N.Y. 1984); *see also Chemical Bank v. Affiliated*

Hon. William H. Pauley III
September 24, 2013
Page 2 of 3

*FM Insurance Co.*, 87 CV 150 (VLB), 1994 WL 719681, at *6 (S.D.N.Y. 1994). The Second Circuit has also supported this conclusion by holding that proper demand can be made through timely service of a civil cover sheet where the party has checked the box indicating "Jury Demand." *See Mazza-Esposito v. S.C.L. Hotel Corp.*, 1991 WL 274480 (S.D.N.Y. Dec. 10, 1991) (citing *Favors v. Coughlin*, 877 F.2d 219, 220 (2d Cir. 1989)). Including the demand on the first page of the pleading is the practice, but not the requirement. *Gargiulo v. Delsole*, 769 F.2d 77, 78–79 (2d Cir. 1985). Finally, and most easily, proper filing is accomplished through electronic filing of a document on ECF, and by the court's transmission of an NEF. S.D.N.Y. ECF R. & I. 3.1. No party disputes that that is what happened.

Because Mr. Kamens filed through the ECF system of the S.D.N.Y. and the civil case cover sheet included a clear indication of a jury request, Mr. Kamens satisfied the requirements of written demand, service and filing established in FED. R. CIV. P. 38(b). Mr. Kamens filed his Answer, Counterclaims and Third-Party Complaint with the following indication in the docket text, again *verbatim*: "ANSWER to Complaint with JURY DEMAND., THIRD PARTY COMPLAINT against At Last Sportswear, Inc., Sanjay Israni, Sunil Ahuja, Bonnie Duchon., COUNTERCLAIM against At Last Sportswear, Inc.. Document filed by Michael Kamens.(Harman, Walker) (Entered: 05/24/2013)."

All parties received an NEF including the notice of Mr. Kamens's demand for a jury in the aforementioned docket text. Therefore, all parties were successfully served with notice of jury demand. In addition, the request for a jury is included in the ECF Civil Docket and Case Summary. It too shows that the demand was properly filed before it was presented in the Amended Counterclaims and Third-Party Complaint submitted on August 16, 2013. *See* Docket Entry 18.

**II.    In the Event the Court Decides that Mr. Kamens's Service of a Jury Demand in his Answer was Insufficient, the Court Should Exercise its Discretion to Grant Mr. Kamens's Demand Pursuant to FED. R. CIV. P. 39(b).**

Should the Court decide that Mr. Kamens's request for a jury included in the docket text of the ECF system is insufficient to comply with FED. R. CIV. P. 38(b), we would respectfully request that the Court determine whether Mr. Kamens is eligible for to be heard before a jury under FED. R. CIV. P. 39(b), which establishes that courts may exercise discretion in ordering a jury trial despite an untimely jury demand. FED. R. CIV. P. 39(b). The S.D.N.Y. has held that if litigants like Mr. Kamens are found ineligible to be heard before a jury under FED. R. CIV. P. 38(b), then their demand is still at the Court's discretion under FED. R. CIV. P. 39(b). *See, e.g., Covington v. Westchester Cnty. Jail*, 1998 WL 642798 (S.D.N.Y. Sept. 18, 1998).

The Southern District, Second Circuit, and the Supreme Court are aligned in their "presumption against waiver of one's right to a jury trial." *Price v. Cushman & Wakefield*, 808 F. Supp. 2d 670, 706 (S.D.N.Y. 2011) (quoting *Wright*, at 60 (2d Cir. 1996), which cites *Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393, 57 S. Ct. 809, 811 (1937)). Absence of evidence of bad faith or unreasonableness of a waiver of a jury trial, in addition to the Court's interest in preventing undue prejudice towards a defendant are factors that the Court may take into account. *Covington*, at *2; *Landau v. Nat'l R.R. Passenger Corp.*, 97 F.R.D. 723, 725 (S.D.N.Y. 1983).

Hon. William H. Pauley III
September 24, 2013
Page 3 of 3

In determining whether to exercise its discretion and grant Mr. Kamens's demand for jury, we respectfully request that the Court consider whether Mr. Kamens acted in good faith. The fact that Mr. Kamens included his preference for a jury in the docket text and that he restated this demand in his Amended Counterclaims and Third-Party Complaint underscore his good faith desire to be heard by a jury of peers. Although Your Honor noted that there was no jury demand during the parties' conference on August 2, 2013, Mr. Kamens's compliance with the ECF R. & I. do not support a presumption of bad faith. We respectfully submit that this omission was a result of a mistake, and we emphasize that Third-Party Defendants failed to demonstrate that they would suffer prejudice if jury request were granted.

It is our intention to comply with this Court's Individual Practices regarding Third-Party Defendants' request for a pre-motion conference. Paragraph III (A)(ii) of Your Honor's Individual Practices direct that the non-movant's "[o]pposition letter[] . . . be submitted to the Court within five (5) business days of receipt of the movant's letter," and that only after the non-movant's submission would the Court order a conference. Four (4) days after opposing counsel's letter, we received the Court's order for a conference. Nevertheless, we underscore that no disrespect for the Court was intended.

For the foregoing reasons, we respectfully request that the Court grant Mr. Kamens' demand for a jury trial.

We thank the Court for its time and attention.

Respectfully submitted,
THE HARMAN FIRM, PC

Walker G. Harman, Jr. [WH-8044]

cc:    Diane Windholz, Esq. (via U.S. mail)