# THE HARMAN FIRM, PC
ATTORNEYS & COUNSELORS AT LAW

200 WEST 57th STREET, SUITE 900, NEW YORK, NEW YORK 10019

TELEPHONE 212 425 2600     FAX 212 202 3926

WWW.THEHARMANFIRM.COM

October 31, 2013

**VIA ECF**
Hon. William H. Pauley III
United States District Court for the
  Southern District of New York
500 Pearl Street,
New York, New York 10007

    Re:    *At Last Sportswear v. Kamens*,
           13 CV 2355 (WHP)

Dear Judge Pauley:

    We are counsel to Defendant/Third-Party Plaintiffs Michael Kamens ("Mr. Kamens"). We are writing this letter regarding a discovery issue. We are aware of Local Rule 37.2 of the Southern District of New York, and the Court's Individual Practice Rule III(a)(iv). These rules require that the parties meet and confer prior to contacting the Court for guidance. The Court's Individual Practice Rules also instruct that joint letters should be submitted. Unfortunately, while the parties have meet and conferred on many occasions over the past few weeks regarding the specific issue raised in this letter, it is apparent that a joint letter cannot be developed. We therefore are writing to the Court, with a copy of counsel for the Plaintiff and Third-Party Defendants.

    Our most recent attempt to meet and confer took place during the deposition of Mr. Kamens at the offices of counsel for the Third Party Defendants just two (2) days ago, Tuesday, October 29, 2013. Ms. Diane Windholz of the law firm of Jackson Lewis took the deposition, and my colleague Mr. Peter Andrews defended the deposition. Mr. Kamens, Ms. Windholz, and Mr. Andrews spent the entire day in deposition, and counsel were able to discuss their discovery disputes at various stages.

    Prior to Mr. Kamens' deposition, our office met and conferred with Ms. Windholz several times on Monday, October 28, 2013, and a number of times before then, beginning on October 17, 2013.

    To date, it has not been possible to resolve this dispute.

    Briefly, this dispute concerns the simple fact that the Third Party Defendants have failed to provide copies of responsive documents, including emails, to Mr. Kamens. This is despite the fact that the Third Party Defendants have themselves admitted that they have "thousands" of these documents in their possession, and even used some of these documents to examine Mr. Kamens at his deposition. In short, Mr. Kamens believes that

Hon. William H. Pauley III												Page 2 of 6
October 31, 2013

Fed. R. Civ. P. 34 has been violated. It is our understanding that the Third Party Defendants believe that they are not in violation because they have invited our attorneys to visit their offices to review documents.

Mr. Kamens seeks relief for this egregious violation, including the costs of writing this letter motion. Mr. Kamens also seeks immediate physical production of these documents, as they have been kept in the ordinary course of business, along with affidavit(s) from the custodians of these documents regarding how searches were conducted and documents collected, and the right to take Fed. R. Civ. P. 36(b) depositions of such individuals. In addition, Third Party Defendants should be precluded from using these documents in this litigation. Finally, any questions asked and answers given at Mr. Kamens' deposition involving these documents should be stricken from the record.

The legal support for Mr. Kamens' position is Fed. R. Civ. P. 34 itself.

**STATEMENT OF FACTS, INCLUDING MEET AND CONFER ATTEMPTS**

This letter is based on the simple fact that Mr. Kamens served documents requests seeking, *inter alia*, copies of emails and text messages to or from Defendant Duchon, Defendant Ahuja, and Defendant Israni concerning Mr. Kamens (Document Requests 21-26, and also Document Requests 19-20).

On or about October 14, 2013, Third-Party Defendants submitted their document production. This production did not contain any text messages. It contained three (3) email messages. Ex. A.

Within three days, Mr. Kamens' counsel sent out a deficiency letter, which stated, *inter alia*:

> With the exception of two (2) emails concerning Mr. Kamens' enrollment in direct deposit and a train ticket, the only other email in your production is the March 27, 2013 email from Ms. Duchon reference above. There are no text messages.
>
> After listening to the deposition testimonies of Ms. Duchon, Mr. Israni and Mr. Ahuja, it is inconceivable to me that there are no additional emails or any text messages between or amongst the three (3) of them and/or other employees of the Plaintiff/Third-Party Defendants concerning Mr. Kamens.
>
> Accordingly, we must insist that you supplement your production immediately, in order to avoid the need for judicial intervention.

Ex. B.

      On October 18, 2013, counsel for the Third-Party Defendants responded, and confirmed Mr. Kamens' suspicions by stating:

> We have never represented that there were no other additional emails . . . Please let me know when you would like to inspect the e-mail communications at our offices.

Ex. C.

      That same day, October 18, 2013, counsel for Mr. Kamens replied, made Mr. Kamens available for a full day deposition October 29, 2013 (he in fact was deposed until 7:20 PM that day), and stated:

> With respect to your comments on the production of emails, your approach is not proper. Responsive documents must be produced to us. You cannot simply invite us to your office to review emails. I don't understand why this is a problem. Emails are typically produced in document productions, and you already have produced three of them.

Ex. D.

      Rather than produce these emails, counsel for Third-Party Defendants instead made the remarkable statement in an October 21, 2013 email (that is eight days before Mr. Kamens' deposition):

> [W]ith regard to the production of documents, ***there are thousands of pages of e-mails to and from Mr. Kamens, or on which Mr. Kamens is copied.*** If you prefer for us to send you these e-mails electronically, let us know.

Ex. E (emphasis added).

      In another attempt to resolve this issue, counsel for Mr. Kamens contacted counsel for the Third-Party Defendants early on Monday, October 28, 2013, the day before Mr. Kamens' deposition, and asked:

> Have you produced all documents that you intend to use at the [Kamens] deposition we will not let him be examined about documents which have not been produced.

Ex. F.

      Two hours later, by late morning the day before Mr. Kamens's deposition, counsel for the Third-Party Defendants stated:

> As we stated in our responses to request for production of documents which we served now two weeks ago on October 14, responsive documents are available for inspection and copying at our offices.

Ex. F.

> Within minutes, counsel for Mr. Kamens responded:

> This is not proper, and no I am not available today to pay a visit to your office to review documents. I have an unrelated deposition in lower manhattan in three hours.

> If you have not given us responsive documents and you intend to use them to examine Michael [Kamens], we are going to have a big problem. It is not proper to simply tell me that there are some documents at you office and that maybe I can pass by one day to see them.

Ex. G.

> Less than one hour later (at this point, 11:19 AM the day before Mr. Kamens's deposition), Mr. Kamens' counsel again wrote:

> You are not entitled to fail to produce responsive documents and invite me to pay a visit to your office at some point, and review whatever it is that you have.

Ex. H.

> Throughout the day, none of these "thousands of e-mails" or any other documents was produced. Late in the afternoon, counsel for Mr. Kamens again wrote:

> Your clients' obligations are to produce documents as they are kept in the ordinary course of business and to identify which documents are responsive to which requests.

> Your clients have not done this. You have refused to do this.

> [Another one of Mr. Kamens's attorneys] has made every effort to confer and work with you this prior to the Kamens' deposition. You will not cause all kinds of delay and confusion at the Kamens deposition.

> As such, we have no choice but to file a motion to compel, and we will seek fees related to the failure to produce and any delays caused by the failure to produce.

Ex. I.

Hon. William H. Pauley III                                                                                              Page 5 of 6
October 31, 2013

     Remarkably, at 6:04 PM the late afternoon before Mr. Kamens' deposition, counsel for the Third-Party Defendants still refused to produce these "thousands of e-mails" and instead continued to rely on her invitation to us to visit her office.

     Actual production is precisely what Mr. Kamens has always expected and requested. Actual production is what is required under Fed. R. Civ. P. 34.

     On Tuesday, October 29, 2013, Mr. Kamens appeared at Third-Party Defendants' counsel's offices at 10:00 AM and remained there for questioning until approximately 7:20 PM, with a forty-five minute lunch break. During this deposition, numerous emails not previously produced were introduced as exhibits. Rather than not answer questions, and risk being recalled for yet another grueling interrogation, Mr. Kamens endeavored to answer all questions pertaining to these emails, late into the afternoon and into the evening. Mr. Kamens's counsel made appropriate objections. During the deposition, counsel for the Third-Party Defendants appeared to be holding or otherwise have in her immediate possession copies of additional documents she was reviewing during her questioning, which were not (and still have not been) provided to Mr. Kamens.

     Remarkably, even during, and even immediately after Mr. Kamens' deposition, and even today, Thursday, October 31, 2013, two days *after* his deposition, these "thousands of e-mails" (and presumably other responsive documents) still have not been produced to Mr. Kamens.

## **ARGUMENT**

     Fed. R. Civ. P. 34 states, in pertinent part:

RULE 34. PRODUCING DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND TANGIBLE THINGS

  (2) Responses and Objections.

   (E) Producing the Documents or Electronically Stored Information. Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:

     **(i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;**

     **(ii) If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and**

Hon. William H. Pauley III                                                                                    Page 6 of 6
October 31, 2013

Emphasis added.

      Compliance with this basic rule is all that Mr. Kamens has ever sought. Now, even after his deposition has been taken, the Third-Party Defendants still have not produced responsive documents in their possession.

## CONCLUSION

      For the reasons stated herein, Mr. Kamens requests appropriate relief including the costs of writing this letter motion. Mr. Kamens also seeks immediate physical production of these documents, including the "thousands" of e mails as they have been kept in the ordinary course of business, along with an affidavit(s) from the custodians of these documents, and the right to take Fed. R. Civ. P. 36(b) depositions of such individuals. In addition, Third Party Defendants should be precluded from using these documents in this litigation. Finally, any questions asked and answers given at Mr. Kamens' deposition involving these documents should be stricken from the record.

      We thank the Court for its time and attention to this matter.

      Respectfully submitted,
      THE HARMAN FIRM, PC


      _____s/_____
      Walker G. Harman, Jr. [WH-8044]


Encl.


cc:    Diane Windholz (via ECF)
       Peter J. Andrews (via ECF)