**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X

AT LAST SPORTSWEAR, INC.,

                          Plaintiff,

        -against-

MICHAEL KAMENS,

                          Defendant.

------------------------------------------------------------X

MICHAEL KAMENS,

               Third-Party Plaintiff,

        -against-

AT LAST SPORTSWEAR, INC., BONNI
DUCHON, SUNIL AHUJA, and SANJAY
ISRANI,

             Third-Party Defendants.

------------------------------------------------------------X

13 CV 2355 (WHP)

**THIRD-PARTY DEFENDANTS'
OBJECTIONS AND RESPONSES
TO MICHAEL KAMENS' FIRST
REQUESTS**

       Third-Party Defendants At Last Sportswear, Inc. (hereinafter "At Last"), Bonni Duchon, Sunil Ahuja, and Sanjay Israni (collectively hereinafter "Third-Party Defendants"), by and through their undersigned counsel, for their Objections and Responses to Defendant and Third-Party Plaintiff Michael Kamens' (hereinafter "Third-Party Plaintiff") First Requests and state as follows:

<u>**GENERAL COMMENTS AND QUALIFICATIONS**</u>

       Third-Party Defendants have endeavored, at this stage of the litigation, to respond to Plaintiff's requests on the basis of the best data available. Although persons who are non-parties, and who are not now employees of Third-Party Defendants may have information

relevant to the subject matter of Third-Party Plaintiff's requests, Third-Party Defendants are not purporting to provide material, if any, presently possessed by such persons. The information contained herein and the documents furnished herewith have been compiled based on information currently known to Third-Party Defendants. Third-Party Defendants reserve the right to supplement these responses if, and when, appropriate.

Third-Party Defendants make the objections and responses contained herein without waiver of any right or privilege to object to the introduction into evidence, in this or any other action or proceeding, of any information contained in any of the documents or the introduction of any of the documents themselves, upon the grounds of competency, relevancy, hearsay, authenticity, or any other ground. Further, Third-Party Defendants make no representations of authenticity with respect to any document or tangible thing produced hereunder.

The foregoing Comments and Qualifications are incorporated as if fully restated in each and every response to Third-Party Plaintiff's First Document Requests.

## GENERAL OBJECTIONS

1.    Third-Party Defendants object to each document request on the grounds that it seeks information which is not relevant to the subject matter of this litigation and/or is not reasonably calculated to lead to the discovery of admissible evidence.

2.    Third-Party Defendants object to each document request on the grounds that it requests documents which are subject to the attorney-client privilege, the work product privilege, the self-evaluative privilege, and/or any other privilege recognized by the Federal Rules of Civil Procedure and/or the Local Rules of the Southern District of New York.

-2-

3.     Third-Party Defendants object to each document request on the grounds that it requests Defendants to obtain information from persons over whom Third-Party Defendants have no control on the grounds that said request exceeds the permissible scope of discovery.

4.     Third-Party Defendants object to each document request on the grounds that it is vexatious, unduly burdensome and/or is designed solely to harass Third-Party Defendants.

5.     Third-Party Defendants object to each document request on the grounds that it is vague, ambiguous, overly broad, or otherwise lacks sufficient precision to permit an answer.

6.     Third-Party Defendants object to each document request on the grounds it seeks confidential, sensitive business information disclosure of which could compromise Third-Party Defendants' competitive business position or result in the disclosure of confidential business information.

7.     Third-Party Defendants object to each document request on the grounds it seeks confidential, sensitive and personal information, disclosure of which would invade the privacy rights of current and/or former employees and/or prospective employees of Third-Party Defendants who are not parties to this action.

8.     Third-Party Defendants object to each document request on the grounds it is not probative of Third-Party Plaintiff's claims herein and/or is unduly prejudicial.

9.     Third-Party Defendants object to each document request on the grounds the time period encompassed by said document request is overly broad and irrelevant.

10.     Third-Party Defendants object to each document request on the grounds that the time period encompassed by said request is not specified and, therefore, the document request is overly broad, vague and ambiguous.

11.     Third-Party Defendants object to each document request on the grounds it seeks documents which contain home addresses or social security numbers of individuals who are not parties to this action, which are personal in nature and should not be disclosed absent a compelling reason.

## REQUEST NO. 1

The complete personnel records of the Defendant.

## RESPONSE

A copy of Kamens' personnel file is attached as Exhibit "A."

## **REQUEST NO. 2**

The Defendant's performance evaluations and formal discipline.

## **RESPONSE**

Third-Party Defendants do no possess any documents responsive to this request.

## **REQUEST NO. 3**

The complete personnel records of Bonni Duchon.

## **OBJECTION**

Third-Party Defendants object to Request No. 3 on the grounds that it is overbroad, unlimited in time, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 4

Bonni Duchon's performance evaluations and any formal discipline.

## OBJECTION

Third-Party Defendants object to Request No. 4 on the grounds that it is overbroad, unlimited in time, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 5

The complete personnel records of Sunil Ahuja.

## OBJECTION

Third-Party Defendants object to Request No. 5 on the grounds that it is overbroad, unlimited in time, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 6

Sunil Ahuja's performance evaluations and any formal discipline.

## OBJECTION

Third-Party Defendants object to Request No. 6 on the grounds that it is overbroad, unlimited in time, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 7

All communications concerning the factual allegations or claims at issue in this lawsuit among or between the Parties or employees of Plaintiff.

## OBJECTION

Third-Party Defendants object to Request No. 7 to the extent that it may seek documents which represent attorney work product, are protected from disclosure by the attorney-client privilege or have been prepared in anticipation of litigation and at the request of counsel.

## RESPONSE

Without waiving the foregoing objections, and to the extent not objected to therein, Third-Party Defendants state as follows:

Copies of all communications between the parties shall be made available for inspection and copying at the offices of counsel for Third-Party Defendants.

## REQUEST NO. 8

All communications concerning the factual allegations or claims at issue in this lawsuit among or between the Defendant's managers, and/or supervisors, and/or the Plaintiff's or Third-party Defendants' human resources representatives, and/or any other employees of Plaintiff or Third-party Defendants.

## OBJECTION

Third-Party Defendants object to Request No. 8 to the extent that it may seek documents which represent attorney work product, are protected from disclosure by the attorney-client privilege or have been prepared in anticipation of litigation and at the request of counsel.

## RESPONSE

Without waiving the foregoing objections, and to the extent not objected to therein, Third-Party Defendants state as follows:

See Third-Party Defendants' Response to Request No. 7, supra.

## REQUEST NO. 9

Documents concerning the formation and termination, if any, of the employment relationship at issue in this lawsuit, including without limitation Defendant's employment contract with Plaintiff.

## OBJECTION

Third-Party Defendants object to Request No. 9 to the extent that it may seek documents which represent attorney work product, are protected from disclosure by the attorney-client privilege or have been prepared in anticipation of litigation and at the request of counsel.

## RESPONSE

Without waiving the foregoing objections, and to the extent not objected to therein, Third-Party Defendants state as follows:

<u>See</u> Exhibit "A."

## REQUEST NO. 10

All files concerning the Defendant that are maintained by the Plaintiff or Third-party Defendants or agents thereof, including the files of Defendant's supervisors and/or managers.

## OBJECTION

Third-Party Defendants object to Request No. 10 to the extent that it may seek documents which represent attorney work product, are protected from disclosure by the attorney-client privilege or have been prepared in anticipation of litigation and at the request of counsel.

## RESPONSE

Without waiving the foregoing objections, and to the extent not objected to therein, Third-Party Defendants state as follows:

See Exhibit "A."

-14-

## REQUEST NO. 11

All files concerning the Defendant that are maintained by the Plaintiff's or Third-party Defendants' human resources representatives from the commencement of Defendant's employment to the present.

## OBJECTION

Third-Party Defendants object to Request No. 11 to the extent that it may seek documents which represent attorney work product, are protected from disclosure by the attorney-client privilege or have been prepared in anticipation of litigation and at the request of counsel.

## RESPONSE

Without waiving the foregoing objections, and to the extent not objected to therein, Third-Party Defendants state as follows:

See Exhibit "A."

## REQUEST NO. 12

Any employee handbook, code of conduct, or policies and procedures manual in effect during the Defendant's employment.

## OBJECTION

Third-Party Defendants object to Request No. 12 on the grounds that it is overbroad and seeks documents which are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

## REQUEST NO. 13

Job descriptions for the position that the Defendant held.

## OBJECTION

Third-Party Defendants object to Request No. 13 on the grounds that it is unlimited in time.

## RESPONSE

Without waiving the foregoing objections, and to the extent not objected to therein, Third Party Defendants state as follows:

See Exhibit "A."

## REQUEST NO. 14

All documents showing the Defendant's compensation and benefits including without limitation, retirement plan benefits, fringe benefits, employee benefit summaries, and summaries of compensation.

## RESPONSE

See Exhibit "A."

## REQUEST NO. 15

All documents concerning investigations of any complaints by the Defendant that are relevant to the factual allegations or claims at issue in this lawsuit.

## OBJECTION

Third-Party Defendants object to Request No. 15 on the grounds that it is vague and ambiguous.  Third-Party Defendants further object to this request on the grounds that the documents sought are overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

## RESPONSE

Without waiving the foregoing objections, and to the extent not objected to therein, Third-Party Defendants state as follows:

Third-Party Defendants do not possess any documents responsive to this request.

## REQUEST NO. 16

All documents concerning information that witnesses identified by Plaintiff or Third-party Defendants (including but not limited to Initial Disclosure witnesses) have that is related to any claims or defenses in this case.

## OBJECTION

Third-Party Defendants object to Request No. 16 to the extent that it may seek documents which represent attorney work product, are protected from disclosure by the attorney-client privilege or have been prepared in anticipation of litigation and at the request of counsel.

## RESPONSE

Without waiving the foregoing objections, and to the extent not objected to therein, Third-Party Defendants state as follows:

See Exhibit "A."  See also Third-Party Defendants' Response to Request No. 7, supra.

## REQUEST NO. 17

All statements (in any form) obtained by Plaintiff or Third-party Defendants concerning any claims in this lawsuit.

## OBJECTION

Third-Party Defendants object to Request No. 17 to the extent that it may seek documents which represent attorney work product, are protected from disclosure by the attorney-client privilege or have been prepared in anticipation of litigation and at the request of counsel.

## RESPONSE

Without waiving the foregoing objections, and to the extent not objected to therein, Third-Party Defendants state as follows:

See Bonni Duchon's e-mail to Sunil Ahuja, attached as Exhibit "B."

## REQUEST NO. 18

All documents upon which Plaintiff or Third-party Defendants will rely to defend against liability in this matter.

## OBJECTION

Third=Party Defendants object to Request No. 18 on the grounds that it is premature.

## RESPONSE

Without waiving the foregoing objections, and to the extent not objected to therein, Third-Party Defendants state as follows:

See Exhibits attached hereto.  See also Third-Party Defendants' Response to Request No. 7, supra.

## REQUEST NO. 19

All documents sent to or from Plaintiff or Third-party Defendants via email concerning Defendant.

## OBJECTION

Third-Party Defendants object to Request No. 19 to the extent that it may seek documents which represent attorney work product, are protected from disclosure by the attorney-client privilege or have been prepared in anticipation of litigation and at the request of counsel. Third-Party Defendants further object to this request on the grounds that the documents sought are overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence

## RESPONSE

Without waiving the foregoing objections, and to the extent not objected to therein, Third-Party Defendants state as follows:

See exhibits attached hereto.   See also Third-Party Defendants' Response to Request No. 7, supra.

## REQUEST NO. 20

All documents sent to or from Plaintiff or Third-party Defendants via text message concerning Defendant.

## OBJECTION

Third-Party Defendants object to Request No. 20 to the extent that it may seek documents which represent attorney work product, are protected from disclosure by the attorney-client privilege or have been prepared in anticipation of litigation and at the request of counsel. Third-Party Defendants further object to this request on the grounds that the documents sought are overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence

## RESPONSE

Without waiving the foregoing objections, and to the extent not objected to therein, Third-Party Defendants state as follows:

Third-Party Defendants do no possess any documents responsive to this request.

## REQUEST NO. 21

All documents sent to or from Bonni Duchon via email concerning Defendant.

## OBJECTION

Third-Party Defendants object to Request No. 21 to the extent that it may seek documents which represent attorney work product, are protected from disclosure by the attorney-client privilege or have been prepared in anticipation of litigation and at the request of counsel. Third-Party Defendants further object to this request on the grounds that the documents sought are overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence

## RESPONSE

Without waiving the foregoing objections, and to the extent not objected to therein, Third-Party Defendants state as follows:

See exhibits attached hereto. See also Third-Party Defendants' Response to Request No. 7, supra.

## REQUEST NO. 22

All documents sent to or from Bonni Duchon via text message concerning Defendant.

## OBJECTION

Third-Party Defendants object to Request No. 22 to the extent that it may seek documents which represent attorney work product, are protected from disclosure by the attorney-client privilege or have been prepared in anticipation of litigation and at the request of counsel. Third-Party Defendants further object to this request on the grounds that the documents sought are overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence

## RESPONSE

Without waiving the foregoing objections, and to the extent not objected to therein, Third-Party Defendants state as follows:

Third-Party Defendants do no possess any documents responsive to this request.

## REQUEST NO. 23

All documents sent to or from Sunil Ahuja via email concerning Defendant.

## OBJECTION

Third-Party Defendants object to Request No. 23 to the extent that it may seek documents which represent attorney work product, are protected from disclosure by the attorney-client privilege or have been prepared in anticipation of litigation and at the request of counsel. Third-Party Defendants further object to this request on the grounds that the documents sought are overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence

## RESPONSE

Without waiving the foregoing objections, and to the extent not objected to therein, Third-Party Defendants state as follows:

See exhibits attached hereto.  See also Third-Party Defendants' Response to Request No. 7, supra.

## REQUEST NO. 24

All documents sent to or from Sunil Ahuja via text message concerning Defendant.

## OBJECTION

Third-Party Defendants object to Request No. 24 to the extent that it may seek documents which represent attorney work product, are protected from disclosure by the attorney-client privilege or have been prepared in anticipation of litigation and at the request of counsel. Third-Party Defendants further object to this request on the grounds that the documents sought are overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence

## RESPONSE

Without waiving the foregoing objections, and to the extent not objected to therein, Third-Party Defendants state as follows:

Third-Party Defendants do no possess any documents responsive to this request.

## REQUEST NO. 25

All documents sent to or from Sanjay Israni via email concerning Defendant.

## OBJECTION

Third-Party Defendants object to Request No. 25 to the extent that it may seek documents which represent attorney work product, are protected from disclosure by the attorney-client privilege or have been prepared in anticipation of litigation and at the request of counsel. Third-Party Defendants further object to this request on the grounds that the documents sought are overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence

## RESPONSE

Without waiving the foregoing objections, and to the extent not objected to therein, Third-Party Defendants state as follows:

See exhibits attached hereto.  See also Third-Party Defendants' Response to Request No. 7, supra.

## REQUEST NO. 26

All documents sent to or from Sanjay Israni via text message concerning Defendant.

## OBJECTION

Third-Party Defendants object to Request No. 26 to the extent that it may seek documents which represent attorney work product, are protected from disclosure by the attorney-client privilege or have been prepared in anticipation of litigation and at the request of counsel. Third-Party Defendants further object to this request on the grounds that the documents sought are overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence

## RESPONSE

Without waiving the foregoing objections, and to the extent not objected to therein, Third-Party Defendants state as follows:

Third-Party Defendants do no possess any documents responsive to this request.

## REQUEST NO. 27

Any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

## RESPONSE

Third-Party Defendants produced the insurance agreement on September 11, 2013.

## REQUEST NO. 28

Any other documents upon which the Plaintiff or Third-party Defendants rely to support the defenses, affirmative defenses, and counterclaims, including any other documents describing the reasons for the adverse action.

## OBJECTION

Third-Party Defendants object to Request No. 28 on the grounds that the phrase " adverse action" is vague and ambiguous

## RESPONSE

Without waiving the foregoing objections, and to the extent not objected to therein, Defendants state as follows:

See exhibits attached hereto. See also Third-Party Defendants' Response to Request No. 7, supra.

## REQUEST NO. 29

All documents concerning the allegations in Paragraph 10(a) of Plaintiff's Complaint, wherein Defendant allegedly abandoned his employment.

## RESPONSE

See Employment Agreement signed by Third-Party Plaintiff Kamens and correspondence from The Harman Firm, PC, dated March 22, 2013.

## REQUEST NO. 30

All documents concerning the allegations that Defendant terminated his employment in violation of the express provisions of his employment agreement as alleged in Paragraph 10(b) of Plaintiff's Complaint.

## RESPONSE

<u>See</u> Employment Agreement signed by Third-Party Plaintiff Kamens and correspondence from The Harman Firm, PC, dated March 22, 2013.

## REQUEST NO. 31

All documents concerning the allegations in Paragraph 10(c) of Plaintiff's Complaint that alleging Defendant failed to provide notice of his intent to terminate his employment.

## RESPONSE

See Employment Agreement signed by Third-Party Plaintiff Kamens and correspondence from The Harman Firm, PC, dated March 22, 2013.

## **REQUEST NO. 32**

All documents concerning the allegations in Paragraph 10(d) of Plaintiff's Complaint, in which Defendant allegedly failed or refused to perform the duties required of him.

## **RESPONSE**

<u>See</u> exhibits attached hereto.   <u>See also</u> Third-Party Defendants' Response to Request No. 7, <u>supra</u>.

### REQUEST NO. 33

All documents concerning the allegations in Paragraph 10(e) of Plaintiff's Complaint, in which Defendant allegedly refused to abide by the directives of Plaintiff's CEO.

### RESPONSE

See exhibits attached hereto.  See also Third-Party Defendants' Response to Request No. 7, supra.

## REQUEST NO. 34

All documents concerning the allegations in Paragraph 10(f) of Plaintiff's Complaint, in which Defendant allegedly utilized abusive language towards Plaintiff's staff and executives.

## RESPONSE

See exhibits attached hereto.  See also Third-Party Defendants' Response to Request No. 7, supra.

## REQUEST NO. 35

All documents concerning the allegations in Paragraph 10(g) of Plaintiff's Complaint, in which Defendant allegedly engaged in conduct that demonstrated a gross unfitness to serve.

## RESPONSE

See exhibits attached hereto.  See also Third-Party Defendants' Response to Request No. 7, supra.

## **REQUEST NO. 36**

All documents concerning the allegations in Paragraph 14 of Plaintiff's Complaint, which alleges that Defendant breached his fiduciary duty.

## **RESPONSE**

<u>See</u> exhibits attached hereto.  <u>See</u> <u>also</u> Third-Party Defendants' Response to Request No. 7, <u>supra</u>.

## REQUEST NO. 37

All documents concerning the allegations in Paragraph 15 of Plaintiff's Complaint, alleging Plaintiff has suffered damages in excess of $5,000,000 as a result of Defendant's breach of fiduciary duty.

## OBJECTION

Third-Party Defendants object to Request No. 37 on the grounds that it is premature.

## RESPONSE

Without waiving the foregoing objections, and to the extent not objected to therein, Third-Party Defendants state as follows:

Third-Party Defendants will supplement its response to this request.

## REQUEST NO. 38

All documents concerning the allegations in Paragraph 16 of Plaintiff's Complaint, in which Defendant allegedly acted in bad faith, maliciously, intentionally, and/or with the sole intent to damage Plaintiff.

## RESPONSE

See exhibits attached hereto.  See also Third-Party Defendants' Response to Request No. 7, supra.

## REQUEST NO. 39

All documents concerning the allegations in Paragraph 17 of Plaintiff's Complaint, alleging Plaintiff is entitled to $15,000,000 in punitive damages.

## OBJECTION

Third-Party Defendants object to Request No. 39 on the grounds that it is premature.

## RESPONSE

Without waiving the foregoing objections, and to the extent not objected to therein, Third-Party Defendants state as follows:

Third-Party Defendants will supplement its response to this request.

## REQUEST NO. 40

All documents concerning Plaintiff's or Third-party Defendants' responses to the Interrogatories *infra*.

## OBJECTION

Third-Party Defendants object to Request No. 40 on the grounds that it is overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

## RESPONSE

Without waiving the foregoing objections, and to the extent not objected to therein, Third-Party Defendants state as follows:

See exhibits attached hereto.  See also Third-Party Defendants' Response to Request No. 7, supra.

## REQUEST NO. 41

All documents concerning sales to Wal-Mart for the five (5) years preceding Defendant's hire date until present.

## OBJECTION

Third-Defendants object to Request No. 41 on the grounds that it is overbroad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Third-Party Defendants further object to this request on the grounds that Third-Party Plaintiff Kamens has already served a subpoena for the documents sought in this request.

Respectfully submitted,

JACKSON LEWIS LLP
666 Third Avenue
New York, New York 10017
(212) 545-4000

By: _____
Diane Windholz
Orla J. McCabe

ALONSO, ANDALKAR, SMALL, TORO &
FACHER, P.C.
920 Broadway
New York, NY 10010
(212) 598-5900

By: _____
Mark J. Alonso
Katherine Jensen

ATTORNEYS FOR THIRD-PARTY DEFENDANTS

Dated: October 14, 2013
       New York, New York

-46-