# THE HARMAN FIRM, PC
ATTORNEYS & COUNSELORS AT LAW

200 WEST 57th STREET, SUITE 900, NEW YORK, NEW YORK 10019

TELEPHONE 212 425 2600   FAX 212 202 3926

WWW.THEHARMANFIRM.COM

October 17, 2013

**VIA EMAIL (windhold@jacksonlewis.com)**
Diane Windholz, Esq.
Jackson Lewis, LLP
666 3rd Avenue, 29th Floor
New York, New York 10017

    Re:   *At Last Sportswear v. Kamens*,
           13 CV 2355 (WHP)

Dear Diane:

    As discussed this morning, our client, Michael Kamens, who had surgery last week, and who is still recovering, has provided dates on which he is available to be deposed. These dates are October 23, 24, 25, 29, and 30, 2013.

    We are also available to take the depositions of the two (2) individuals who were subpoenaed on September 5, 2013, David Orland and Norman Raju, on the dates listed above. As you know, these depositions could not be taken in September due to scheduling issues, including those related to religious observances. As we advised you this morning, we reserve the right to take full-day (*i.e.*, seven-hour (7-hour)) depositions of each of the two (2) witnesses. Accordingly, the depositions must be scheduled on separate days, each to begin at 10:00 a.m.

    Please provide us with dates for Mr. Orland's and Mr. Raju's depositions by the close of business tomorrow, Friday, October 18, 2013.

    Further, we note that on October 15, 2013, you produced a limited number of documents to us including a barely legible March 27, 2013 email from Bonni Duchon to Sunil Ahuja and Sanjay Israni concerning Mr. Kamens. You subsequently produced a clearer copy of this item; for that we thank you.

    We, however, must deem your production deficient. Specifically, our Document Request No. 7 seeks all communications concerning the factual issues or claims at issue in this lawsuit among or between the Parties or employees of Plaintiff. Document Request No. 8 seeks all communications concerning the factual allegations or claims at issue in this lawsuit among or between the Defendant's managers, and/or supervisors, and/or the Plaintiff's or Third-Party Defendants' human resources representatives, and/or any to other employees of Plaintiff or Third-Party Defendants. Document Request No. 15 seeks all documents concerning investigations of any complaints by the Defendant that are relevant to the factual allegations or claims at issue in this lawsuit. Document Request No. 19 seeks all documents sent to or from

Diane Windholz, Esq.
October 17, 2013
Page 2 of 2

Plaintiff or Third-Party Defendants via email concerning Defendant.  Document Request No. 20 seeks all documents sent to or from Plaintiff or Third-Party Defendants via text message concerning Defendant.  Document Request No. 21 seeks all documents sent to or from Bonni Duchon via email concerning Defendant.  Document Request Nos. 22, 23, 24, 25, and 26 are similar in nature, and concern emails and text messages regarding Defendant Michael Kamens to or from Ms. Duchon, Sanjay Israni or Sunil Ahuja.

With the exception of two (2) emails concerning Mr. Kamens' enrollment in direct deposit and a train ticket, the only other email in your production is the March 27, 2013 email from Ms. Duchon referenced above.  There are no text messages.

After listening to the deposition testimonies of Ms. Duchon, Mr. Israni and Mr. Ahuja, it is inconceivable to me that there are no additional emails or any text messages between or amongst the three (3) of them and/or other employees of the Plaintiff/Third-Party Defendants concerning Mr. Kamens.

Accordingly, we must insist that you supplement your production immediately, in order to avoid the need for judicial intervention.

Finally, as you know, Mr. Kamens had surgery last week and has since been recovering.  Nevertheless, we will supplement our responses to your interrogatories and documents requests tomorrow.

We look forward to your anticipated cooperation in regard to these matters.  Thank you.

> Respectfully submitted,
> THE HARMAN FIRM, PC
>
>
> _____s/_____
> Peter J. Andrews

cc:    Walker G. Harman, Jr.