**jackson|lewis**
Attorneys at Law

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis LLP
666 Third Avenue
New York, New York 10017
Tel 212 545-4000
Fax 212 972-3213
www.jacksonlewis.com

| | | | |
|---|---|---|---|
| ALBANY, NY | DETROIT, MI | MINNEAPOLIS, MN | PROVIDENCE, RI |
| ALBUQUERQUE, NM | GRAND RAPIDS, MI | MORRISTOWN, NJ | RALEIGH-DURHAM, NC |
| ATLANTA, GA | GREENVILLE, SC | NEW ORLEANS, LA | RICHMOND, VA |
| AUSTIN, TX | HARTFORD, CT | NEW YORK, NY | SACRAMENTO, CA |
| BALTIMORE, MD | HOUSTON, TX | NORFOLK, VA | SAINT LOUIS, MO |
| BIRMINGHAM, AL | INDIANAPOLIS, IN | OMAHA, NE | SAN DIEGO, CA |
| BOSTON, MA | JACKSONVILLE, FL | ORANGE COUNTY, CA | SAN FRANCISCO, CA |
| CHICAGO, IL | LAS VEGAS, NV | ORLANDO, FL | SAN JUAN, PR |
| CINCINNATI, OH | LONG ISLAND, NY | PHILADELPHIA, PA | SEATTLE, WA |
| CLEVELAND, OH | LOS ANGELES, CA | PHOENIX, AZ | STAMFORD, CT |
| DALLAS, TX | MEMPHIS, TN | PITTSBURGH, PA | TAMPA, FL |
| DENVER, CO | MIAMI, FL | PORTLAND, OR | WASHINGTON, DC REGION |
| | MILWAUKEE, WI | PORTSMOUTH, NH | WHITE PLAINS, NY |

MY DIRECT DIAL IS: (212) 545-4028
MY EMAIL ADDRESS IS: WINDHOLD@JACKSONLEWIS.COM

November 8, 2013

**Via Federal Express and ECF**

The Honorable Sarah Netburn
United States Magistrate Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   **At Last Sportswear v. Kamens,**
      **Kamens v. At Last Sportswear, Inc., Duchon, Ahuja and Israni (13-CV-2355 -WHP)**

Dear Judge Netburn:

This Firm represents Third-Party Defendants At Last Sportswear, Inc. ("At Last"), Bonni Duchon, Sunil Ahuja and Sanjay Israni (hereinafter "Third-Party Defendants") in connection with the above-referenced matter. We are in receipt of Third-Party Plaintiff Michael Kamens' (hereinafter "Kamens" or "Third-Party Plaintiff") November 7, 2013 letter to Your Honor requesting a conference to discuss Third-Party Defendants' purported refusal to (1) describe the six (6) boxes of documents and (2) comply with Fed. R. Civ. P. 26(a)(1)(A)(iv).

As to the alleged refusal to describe the responsive documents, Third-Party Defendants' have since their first disclosure of these boxes in response to Third-Party Plaintiff's request for production of documents, described the boxes of documents as containing all e-mail communications between the parties. Third-Party Defendants have repeatedly offered to make the boxes available for inspection and copying and most recently even offered to deliver to Third-Party Plaintiff's offices copies of the six boxes. Third-Party Plaintiff has rejected all of these offers.

Second, Third-Party Plaintiff's representations regarding Third-Party Defendants' failure to comply with the mandatory disclosure of the insurance agreement is simply untrue. On September 11, 2013, the undersigned forwarded to Third-Party Plaintiff a copy of the complete insurance policy. Over the next two months, Third Party Plaintiff never requested any additional information or documentation concerning the insurance policy. On November 7, 2013, at nearly 5:00 p.m., Third-Party Plaintiff's counsel e-mailed the undersigned demanding production of the declaration page of the policy. This was the first time Third-Party Plaintiff ever requested a copy



The Honorable Sarah Netburn
Southern District of New York
November 8, 2013
Page 2

of the declaration page. Before waiting for a response, Third-Party Plaintiff immediately filed his letter to Your Honor misrepresenting that he has "conferred with opposing counsel regarding the issues raised in this letter on many occasions over the past few weeks." Furthermore, the issue is moot since immediately after receipt of the e-mail yesterday afternoon requesting the declaration page, counsel for Third-Party Defendants obtained the document and e-mailed it to Third-Party Plaintiff's counsel before 10:30 a.m. this morning.

Finally, counsel for Third-Party Plaintiff makes the following incomprehensible statement: "Third-Party Defendants' counsel Diane Windholz, Esq. seeks only to further harass Mr. Kamens by omitting key information regarding her interest in the case *vis-à-vis* her refusal to allow Mr. Kamens to be heard by a jury." First, defense counsel has absolutely no idea what Third-Party Plaintiff is referring to when he baldy accuses her of "omitting key information regarding her interest in the case." This is a highly charged accusation without any detail whatsoever and is very disconcerting. Further, it is not defense counsel's decision whether to allow Mr. Kamens claims to be heard by a jury. As Third-Party Plaintiff's counsel is well aware, Judge Pauley, after hearing from the parties at a pre-motion conference on October 4, 2013, granted Third-Party Defendants' request to move to strike the untimely jury demand and issued an order setting dates for submission of motion papers. The motion is scheduled for oral argument on November 22, 2013.

We apologize for the inconvenience to the Court and would appreciate the opportunity to participate in a conference with Your Honor regarding these and any other remaining discovery issues.

Very truly yours,

JACKSON LEWIS LLP

Diane Windholz

cc:  Walker G. Harman, Jr. (via email; counsel for Michael Kamens)
     Peter Andrew, Esq. (via email; counsel for Michael Kamens)
     Mark J. Alonso, Esq. (via email; counsel for At Last Sportswear, Inc.)
     Catania Facher, Esq. (via email; counsel for At Last Sportswear, Inc.)
     Orla McCabe, Esq. (Jackson Lewis LLP)

The Honorable Sarah Netburn
Southern District of New York
November 8, 2013
Page 3


Attorneys at Law

bcc:   Perla Alvarez, Esq.
       Sunil Ahuja
       Bonni Duchon
       Sanjay Israni

4836-0769-7430, v. 1