UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

AT LAST SPORTSWEAR, INC.,

              Plaintiff,

          -against-                        13 CV 2355 (WHP)

MICHAEL KAMENS,

              Defendant.

------------------------------------------------------------x

MICHAEL KAMENS,

              Third-Party Plaintiff,

          -against-

AT LAST SPORTSWEAR, INC., BONNI
DUCHON, SUNIL AHUJA, and SANJAY
ISRANI,

              Third-Party Defendants.

------------------------------------------------------------x

## THIRD-PARTY DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO STRIKE THIRD-PARTY PLAINTIFF'S JURY DEMAND

## PRELIMINARY STATEMENT

Third-Party Defendants At Last Sportswear, Inc. ("At Last"), Bonni Duchon, Sunil Ahuja, and Sanjay Israni (collectively hereinafter "Third-Party Defendants") submit this Reply Memorandum of Law in Further Support of their Motion to Strike Third-Party Plaintiff Michael Kamens' (hereinafter "Third-Party Plaintiff" or "Mr. Kamens") Jury Demand.  Third-Party Defendants' Motion should be granted because the demand for a jury trial in the Amended Counterclaims and Third-Party Complaint filed by Third-Party Plaintiff is untimely pursuant to Federal Rule of Civil Procedure 38(b) ("Fed. R. Civ. P. 38(b)").  The case law in the Second Circuit is clear that actual service of a written jury trial demand on all parties is required to avoid waiver of a jury trial pursuant to Fed. R. Civ. P. 38(b).

## ARGUMENT

**I.    IT WAS THIRD-PARTY PLAINTIFF'S OBLIGATION TO SERVE THIRD-PARTY DEFENDANTS WITH A TIMELY DEMAND FOR A JURY TRIAL.**

Third-Party Plaintiff represents that "[t]he validity of a jury demand rests on the principle of notice."  Memorandum of Law in Opposition, p. 1.  Fed. R. Civ. P. 38(b), however, cleary states that a written demand for a jury trial must be timely *served* on all parties and filed in accordance with Federal Rule of Civil Procedure 5(d) ("Fed. R. Civ. P. 5(d)").  A party's failure to properly serve a jury trial demand waives his right to a jury trial.  Fed. R. Civ. P. 38(d).  Third-Party Plaintiff served his Answer, Counterclaims and Third-Party Complaint ("Complaint") on Third-Party Defendants on June 14, 2013.  Absent from the face of the Complaint or in the body of the Complaint was any demand for a jury trial.  The only place where the words "Jury Demand" appeared was the May 24, 2013 docket entry for the Third-Party Plaintiff's Complaint.  While the docket entry was *accessible* on PACER, it was never

*served* on Third-Party Defendants.  Plaintiff fails to cite any authority which supports his theory that Third-Party Defendants' access to the PACER entry satisfies the service requirement.  On the contrary,  the Eastern District of New York has held that "[t]he fact that the civil cover sheet may have been electronically *accessible* to Defendant and its counsel does not satisfy the requirement of Rule 38 that a jury demand be *served.*"  *Shambreskis v. Bridgeport & Port Jefferson Steamboat Co.,* 2007 U.S. Dist. LEXIS 35851, * at 7-9 (E.D.N.Y. May 16, 2007) (civil cover sheet noting a jury demand that was *accessible* on pacer to all parties but that had not been served by *pro se* plaintiff on defendant that had not yet filed a notice of appearance at the time of the pacer filing does not satisfy the requirement of Rule 38 that a jury demand be served).

Third-Party Defendants respectfully submit that the May 24th electronic filing of a document which Third-Party Plaintiff mistakenly represented as containing a jury demand cannot constitute service on Third-Party Defendants nearly one month before the date their counsel even appeared in this case.  Third-Party Plaintiff misstates the role of Jackson Lewis LLP in this litigation.  At Last did not retain Jackson Lewis LLP to litigate its claims against Mr. Kamens.  Rather, At Last retained Jackson Lewis LLP to defend the counterclaims brought by Third-Party Plaintiff against Third-Party Defendants on May 24, 2013.  Shortly after Jackson Lewis LLP was retained, Diane Windholz, a partner with Jackson Lewis LLP, filed a notice of appearance on June 17, 2013.  Jackson Lewis LLP has no affiliation with Alonso, Andalkar, Toro & Facher, the law firm representing At Last in the action that At Last filed against Mr. Kamens.  It was Third-Party Plaintiff's obligation to serve Third-Party Defendants with a written demand for a jury trial and not Third-Party Defendants' obligation to access PACER to search for a jury demand in this action.  Furthermore, Ms. Catania Facher, the attorney who appeared for At Last in the underlying lawsuit filed by At Last, had no obligation to notify Third-Party

Defendants and their counsel, Ms. Windholz, of the May 24, 2013 PACER entry that noted a jury demand.  Furthermore, even had Ms. Facher notified Third-Party Defendants of the May 24, 2013 PACER entry noting a jury demand, they still would not have been properly served with this written jury demand since Ms. Windholz did not appear in this action until June 17, 2013.

Significantly, while Third-Party Plaintiff repeatedly references the filing of a civil cover sheet in this action, he has never served the civil cover sheet on Third-Party Defendants. There is also no mention of a civil cover sheet on the PACER docket, and Third-Party Plaintiff did not even attach the civil cover sheet to his opposition to the instant motion.  Third-Party Plaintiff's failure to serve the civil cover sheet, if one in fact even exists, is dispositive.  *See Favors v. Coughlin*, 877 F.2d 219 (2d Cir. 1989).  In *Favors*, the Second Circuit held that the *pro se* plaintiff waived his right to a jury trial pursuant to Rule 38 because while he checked the "yes" box for jury demand on the civil cover sheet, the civil cover sheet was never served on appellees.  *Id.* at 220-221.

Furthermore, Third-Party Defendants respectfully submit that the descriptive docket entry without any document which actually contains a jury demand fails to satisfy the filing requirement.  Fed. R. Civ. P. 5(d) describes the filing of a "paper."  Third-Party Plaintiff's identification of the filed Complaint as containing a jury demand when it indisputably did not, does not eliminate the requirement that a paper containing a jury demand be filed.

Plaintiff waited nearly two months to serve his Amended Counterclaims and Third-Party Complaint ("Amended Complaint") with a jury demand on Third-Party Defendants, defeating Third-Party Plaintiff's right to a jury trial.  Given that Third-Party Plaintiff filed and served his Amended Complaint with a jury demand on August 16, 2013, two months after he

served[1] his May 24, 2013 Complaint that lacked a jury demand on Third-Party Defendants, he has waived his right to a jury trial pursuant to Fed. R. Civ. P. 38(d).

## II.      THE COURT IS NOT REQUIRED TO CONSIDER PREJUDICE TO THIRD-PARTY DEFENDANTS IN ITS ANALYSIS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 39(b).

In order for the Court to exercise its discretion pursuant to Fed. R. Civ. P. 39(b) to order a jury trial of this matter, Third-Party Plaintiff must make a "showing beyond mere inadvertence" to make a timely jury demand. *Noonan v. Cunard Steamship Co.,* 375 F.2d 69, 70 (2d Cir. 1967) ("mere inadvertence in failing to make a timely jury demand does not warrant a favorable exercise of discretion under Rule 39(b)."). In accordance with the strict interpretation of Fed. R. Civ. P. 39(b) applied in *Noonan* and its progeny, district courts have consistently denied untimely demands due to mere inadvertence. In *Sait Electronics, S.A., v. Schiebel,* which Third-Party Plaintiff attempts to distinguish from the instant case, the court applied the reasoning in *Noonan,* concluding that even a "change of mind" did not merit an exercise of discretion pursuant to Fed. R. Civ. P. 39(b). 846 F. Supp. 17, 18 (S.D.N.Y. 1994). Under this line of reasoning, Third-Party Plaintiff's "good faith effort to correct a mistake" should similarly fail to suffice as a "showing beyond mere inadvertence." *See* Third-Party Plaintiff's Opposition ("Opp."), p. 7. [2]

The court is not required to consider any additional factors such as prejudice to Third-Party Defendants since this Third-Party action was initiated in federal court by Third-Party Plaintiff. The relaxed standard that Third-Party Plaintiff urges the court to apply to the case at

---

[1] Third-Party Plaintiff served his Complaint on Third-Party Defendants on June 14, 2013.

[2] Third-Party Plaintiff's counsel can hardly plead ignorance of the requirement that a jury demand must be in writing. A search on PACER reveals that Walker Harman, counsel for Third-Party Plaintiff has filed twelve civil cases in 2013, including the instant action. In each of the other eleven cases, Third-Party Plaintiff's counsel complied with Rule 38 and either included his demand for a jury on the face of first page of the Complaint or as a separate statement in the Complaint itself.

bar only applies with respect to actions that were initiated in state court and subsequently removed to federal court *by the party opposing the demand for a jury trial.*   *See Cascone v. Ortho Pharmaceutical Corp.,* 702 F.2d 389 (2d Cir. 1983) (argument for applying rigid *Noonan* constraints on the district court's discretion was not as strong when case originally filed by plaintiff in state court was *removed by defendant* to federal court and plaintiff did not file and serve a timely jury demand); *Rupolo v. Oshkosh Truck Corp.,* 749 F. Supp. 2d 31 (E.D.N.Y. 2010) (prejudice to defendant was considered when an action initiated in state court by plaintiff was removed to federal court by defendant and the plaintiff inadvertently failed to demand a jury trial).   Significantly, in the instant case, not only did Third-Party Plaintiff select the forum in which to file his Third- Party Complaint, he affirmatively removed the case to federal court. Similar to *Noonan*, the party that neglected to demand a jury trial, Third-Party Plaintiff, chose to file the action in federal court.   Having selected the forum, Third-Party Plaintiff should be familiar with and abide by the procedures followed in federal court.   Therefore, the rigid *Noonan* standard applies, and the court should not exercise its discretion to permit the untimely jury demand pursuant to Federal Rule of Civil Procedure 39(b).

## CONCLUSION

For the foregoing reasons, the Court should decline to exercise its discretion to permit the untimely jury demand pursuant to Federal Rule of Civil Procedure 39(b) and the Third-Party Defendants' motion to strike the jury demand as untimely pursuant to Federal Rule of Civil Procedure 38 should be granted.

Respectfully submitted,

JACKSON LEWIS LLP

666 Third Avenue, 29th Floor
New York, New York 10017
(212) 545-4000 Telephone
(212) 972-3213 Facsimile

By: _____

Diane Windholz (DW 9806)
Orla J. McCabe (OM 1441)

ALONSO, ANDALKAR, SMALL, TORO
& FACHER, P.C.
920 Broadway
New York, NY 10010
(212) 598-5900

By: _____

Mark J. Alonso
Katherine Jensen

ATTORNEYS FOR THIRD-PARTY
DEFENDANTS

Dated:    November 8, 2013
          New York, New York

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2013, Third-Party Defendants' Reply Memorandum of Law in Further Support of their Motion to Strike Third-Party Plaintiff's Jury Demand was served in accordance with the Federal Rules of Civil Procedure, the Southern District's Local Rules, and the Southern District's Rules on Electronic Service upon the following parties and participants:

Walker G. Harman, Jr., Esq.
200 West 57th Street, Suite 900
New York, New York 10019

ORLA J. MCCABE, ESQ.

4851-2112-0278, v. 1