# ALONSO, ANDALKAR, SMALL & FACHER, P.C.

ATTORNEYS AT LAW
920 BROADWAY
NEW YORK, NEW YORK 10010
(212) 598-5900
WWW.ALONSOLEGAL.COM

MARK J. ALONSO
MANOJ R. ANDALKAR <
EUGENE L. SMALL
CATANIA T. FACHER

---

CARI A. LEWIS
KATHERINE M. JENSEN <
LUIS F. CALVO ⅄
MAJA SZUMARSKA
BRIANA K. HUFFER
JESSICA M. LAU <
ALEXANDER J. FRANCHILLI <
ELIZABETH A. ARISMENDY *

TELECOPIER     (212) 598-4650
EMAIL: MALONSO@ALONSOLEGAL.COM

ERIN MAC AVOY
OF COUNSEL

< MEMBER OF THE NY AND NJ BAR
⅄ MEMBER OF THE NY AND MEXICO BAR
* AWAITING ADMISSION

November 27, 2013

**VIA ECF**
Hon. Sarah Netburn
Thurgood Marshall Courthouse
40 Foley Square, Room 430
New York, New York 10007

Re: *At Last Sportswear v. Michael Kamens*
**13 CV 2355 (WHP)(SN)**

Your Honor:

This office represents the Plaintiff on the claims asserted in the Complaint in the above-referenced matter; Ms. Windholz of Jackson Lewis is representing the Plaintiff on the counterclaims. We write in response to Mr. Harman's November 22, 2013 letter to the Court and pursuant to the Court's November 14, 2013 Order ("Order"). Pursuant to the Order, the parties were instructed to "meet and confer to determine whether certain responsive information can be provided, particularly those questions that seek information concerning At Last Sportswear's damages."[1]

On the November 22, 2013, I participated in a call with Mr. Harman. I communicated to Mr. Harman, as expressly contemplated by the Order, the categories of damages Plaintiff was seeking and promised that I would produce by December 2, 2013,

---

[1] The requests that address damages, and which we believe were contemplated by the Court in the Order, are Mr. Kamens' Second Document Requests and Interrogatories, dated October 23, 2013 ("Kamens' Second Requests"), a copy of which enclosed herein. Mr. Harman repeatedly refers to – and has in fact withdrawn – Mr. Kamens' "last discovery requests" or Mr. Kamens' Third Set of Interrogatories and Document Requests, which request information related only to the insurance policy(ies) of Third-Party Defendants (Interrogatories 1-4 & Request Nos. 1-2) and Mr. Kamens' claims against the Third-Party Defendants (Interrogatories 4-5 & Request Nos. 3-4).

documents supporting those claims for damages. I thus expressly complied, from the very beginning of the conversation, with the Order's specific instruction that the parties determine *whether* responsive information will be provided. Mr. Harman objected to any proposed production – and, in fact, he disagreed with Plaintiff's right to assert any claim for damages, much less disclosure related thereto. Mr. Harman demanded a withdrawal of the complaint, leveled numerous *ad hominem* accusations, and ultimately hung up on me. Nonetheless, shortly after the call, in good faith, I provided him any and all documents that I had in my possession respecting damages.

As will be detailed in the Plaintiff's responses to be furnished Monday, Plaintiff is seeking damages in four areas: (a) recovery of the costs incurred by Plaintiff in severing Plaintiff's relations with Ira Rothbaum (and his affiliated company), who preceded Defendant as President of Sales; (b) compensation paid and expenses reimbursed to Defendant; (c) compensation paid to various other employees to perform functions for which Defendant was hired; and (d) loss or diminution of sales suffered by Plaintiff.

As mentioned above, just after our call, I sent to Mr. Harman an email which attached documents relating to the Plaintiff's termination of its relationship with Ira Rothbaum (and his affiliated company).

On Monday, Plaintiff will produce documents and responses which will fully respond to Kamens' Requests relating to damages. These documents and responses will provide Mr. Defendant with adequate detail to construct a defense, thus negating any claim of prejudice. Plaintiff's production of documents supporting damages is timely pursuant to the Order, which contemplated exactly this type of production.

I will eschew further comment on Mr. Harman's statements regarding our telephone conference because this Court has already expressed its impatience with any disharmony between counsel. I will merely state that his statements are inaccurate. We fully intend to participate in good faith at the settlement conference and Plaintiff has never withdrawn and continues to pursue the claims set forth in its Complaint.

To the extent that Your Honor wishes to address any of the issues set forth in Mr. Harman's correspondence in advance of the settlement conference, I am available at your convenience.

Very truly yours,

Mark J. Alonso

cc: Diane Windholz, Esq. (via ECF)
    Orla J. McCabe, Esq. (via ECF)
    Peter J. Andrews, Esq. (via ECF)
    Walker G. Harman, Jr., Esq. (via ECF)
    Catania Facher, Esq. (via ECF)
    Katherine Jensen, Esq. (via ECF)