**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
AT LAST SPORTSWEAR, INC.,

     *Plaintiff*,

  v.                                     **13 CV 2355 (WHP)**

MICHAEL KAMENS,

     *Defendant and Third-Party Plaintiff*,    **MICHAEL KAMENS'S**
                                                                    **SECOND DOCUMENT**
  v.                                       **REQUESTS AND**
                                                                      **INTERROGATORIES**
AT LAST SPORTSWEAR, INC.,
BONNI DUCHON,
SUNIL AHUJA, *and*
SANJAY ISRANI,

     *Third-Party Defendants*.

------------------------------------------------------------------X

     Pursuant to Fed. R. Civ. P. 26, 33, and 34 and the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules"), Defendant hereby requests that Plaintiff and Third-Party Defendants serve upon the undersigned sworn responses, including from a representative of the Plaintiff, to each of the Document Requests and Interrogatories set forth below and produce responses to The Harman Firm, PC, 200 West 57th Street, Suite 900, New York, New York 10019, within twenty (20) days of service hereof.

     These Document Requests and Interrogatories are continuing. If at any time after service of responses hereto, and prior to the trial of this action, the Plaintiff or Third-Party Defendants obtain or become aware of any additional documents or information pertaining or responsive to any of these Document Requests or Interrogatories, the disclosure of which may be required pursuant to Fed. R. Civ. P. 26(e), they shall, within five (5) days, serve upon the undersigned supplemental sworn written answers setting forth such additional information and or documents.

Furthermore, we demand a sworn verification from each Third-Party Defendant as to the accuracy and completeness of each and every response to the Requests herein.

## DEFINITIONS AND INSTRUCTIONS

1. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

2. "Concerning" means referring to, describing, evidencing, or constituting.

3. "Document" and "documents" are defined to be synonymous in meaning and equal in scope to the terms "documents" and "electronically stored information" as used in FED. R. CIV. P. 34(a).

4. "Electronically stored information" means any information created, maintained and/or retrievable by electronic means, whether on or by a computer chip, hard disk, floppy diskettes, tape, laser device, cellphone, smartphone, tablet, or any other type of computerized and handheld device or medium containing any text of any kind or other digitally recorded data, or any other similar device.

5. "Person" is defined as any natural person or any business, legal, or governmental entity or association.

6. "Identify":

    (a) When referring to documents, to "identify" means to give, to the extent known:

        (i) Type of document;

        (ii) The general subject matter of the document;

        (iii) The date of the document;

    (iv) The authors, according to the document; and

    (v) The person to whom, according to the document, the document (or a copy) was to have been sent; or, alternatively, to produce the document.

  (b) When referring to natural persons, to "identify" means to give the person's:

    (i) Full name;

    (ii) Present or last known address and telephone number;

    (iii) Present or last known place of employment;

    (iv) Present or last known job title; and

    (v) Relationship, if any, to any party.

7. "Recording" means tape, wire, audio file, or other sound recordings of conversations or auditory phenomenon and includes all transcripts of any such recording.

8. The conjunctions "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside the scope.

9. The use of the singular form of any word includes the plural and vice versa.

10. If any of the discovery request cannot be answered in full, Defendants must answer to the extent possible, specifying the reasons for Defendants' inability to answer the remainder, and must state what information, knowledge or belief Defendants have concerning the unanswered portion.

11. If the answer to any Interrogatory, or subsection of any Interrogatory, is unknown, Defendants must so state and include such responsive information of which they are in

affirmative possession, custody, or control and must issue the names, telephone numbers, addresses and email addresses of each and every person or organization that might have such information.

12.     If Plaintiff or Third-Party Defendants do not possess sufficient information to respond to any discovery request, they are under a duty to make a reasonable effort to obtain such information.

13.     In responding to discovery requests, Plaintiff and Third-Party Defendants are required to furnish all documents known or available to them regardless of whether the documents are possessed by:

    (a)     Plaintiff or Third-Party Defendants directly;

    (b)     Plaintiff's or Third-Party Defendants' agents, employees, representatives or investigators;

    (c)     Plaintiff's or Third-Party Defendants' present or former attorneys or their agents, employees, representatives or investigators; and/or

    (d)     By any other legal entities controlled by or in any manner affiliated with Plaintiff or Third-Party Defendants.

14.     Where responses are withheld from production on the basis of privilege, Plaintiff and Third-Party Defendants shall set forth in writing the following:

    (a)     A description of the subject matter and content of the document sufficient to identify it;

    (b)     Type of document (*e.g.*, letter, memoranda, *etc.*);

    (c)     Names of the authors and/or preparers;

    (d)     Names of the recipients;

(e) Dates of recording or preparation;

(f) Each and every privilege asserted; and

(g) All reasons for each and every assertion of any privilege.

15. If Plaintiff or Third-Party Defendants have a *bona fide* belief that they are unable to respond to any discovery request in in full, they must produce it to the extent possible and specify the reasons for their inability and failure to produce the remainder.

16. No discovery request herein is intended to reach beyond the scope of the FED. R. CIV. P. or the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. To the extent that Plaintiff or Third-Party Defendants claim that any such request herein is violative of any Federal or Local Rule, they are required to so state their reasoning and produce and/or reply to the request to the extent that the Rules do allow.

## DOCUMENT REQUESTS

**Document Request 42.**

All documents and all communications to and from Zurich, Plaintiff, or Third-Party Defendants regarding the claim tendered to Zurich regarding this action.

**Document Request 43.**

All documents supporting Third-Party Defendants' contention that Mr. Kamens purportedly failed or refused to perform the duties required by his position.

**Document Request 44.**

All documents supporting Third-Party Defendants' contention that Mr. Kamens purportedly refused to abide by directives of Plaintiff's CEO and perform such tasks as were assigned to him.

**Document Request 45.**

All documents supporting Third-Party Defendants' contention that Mr. Kamens purportedly utilized abusive language toward Plaintiff's employees resulting in physical harm to them.

**Document Request 46.**

All documents supporting Third-Party Defendants' contention that Mr. Kamens purportedly utilized abusive language toward Plaintiff's employees resulting in emotional harm to them.

**Document Request 47.**

All documents supporting Third-Party Defendants' contention that Mr. Kamens purportedly engaged in conduct that demonstrated a gross unfitness to serve.

**Document Request 48.**

All documents supporting Third-Party Defendants' contention that Plaintiff was purportedly damaged in the amount of five million dollars ($5,000,000), or any other amount, for breach of contract.

**Document Request 49.**

All documents supporting Third-Party Defendants' contention that Plaintiff was purportedly damaged in the amount of five million dollars ($5,000,000), or any other amount, for breach of fiduciary duty.

**Document Request 50.**

All documents supporting Third-Party Defendants' contention that Plaintiff was purportedly damaged in the amount of fifteen million dollars ($15,000,000), or any other amount, for alleged intentional, malicious, and deliberate actions.

## INTERROGATORIES

**Interrogatory 10.**

Identify all evidence and every fact that support Third-Party Defendants' allegation that Mr. Kamens failed or refused to perform the duties required by his position.

**Interrogatory 11.**

Identify all evidence and every fact that support Third-Party Defendants' allegation that Mr. Kamens refused to abide by directives of Plaintiff's CEO and perform such tasks as were assigned to him.

**Interrogatory 12.**

Identify all evidence and every fact that support Third-Party Defendants' allegation that Mr. Kamens utilized abusive language toward Plaintiff's employees resulting in physical harm to them.

**Interrogatory 13.**

Identify all evidence and every fact that support Third-Party Defendants' allegation that Mr. Kamens utilized abusive language toward Plaintiff's employees resulting in emotional harm to them.

**Interrogatory 14.**

Identify all evidence and every fact that support Third-Party Defendants' allegation that Mr. Kamens engaged in conduct that demonstrated a gross unfitness to serve.

**Interrogatory 15.**

Identify all evidence and every fact that support Third-Party Defendants' allegation that Plaintiff was damaged in the amount of five million dollars ($5,000,000), or any other amount, for breach of contract.

**Interrogatory 16.**

Identify all evidence and every fact that support Third-Party Defendants' allegation that Plaintiff was damaged in the amount of five million dollars ($5,000,000), or any other amount, for breach of fiduciary duty.

**Interrogatory 17.**

Identify all evidence and every fact that support Third-Party Defendants' allegation that Plaintiff was damaged in the amount of fifteen million dollars ($15,000,000), or any other amount, for alleged intentional, malicious, and deliberate actions.

Dated: New York, New York   **THE HARMAN FIRM, PC**
October 23, 2013   *Counsel for Michael Kamens*

　　　　　　　　　　　　　　　　　　　　　　　　　　　　 s/
Walker G. Harman, Jr. [WH-8044]
200 West 57th Street, Suite 900
New York, New York 10019
(212) 425-2600
wharman@theharmanfirm.com