UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X

AT LAST SPORTSWEAR, INC.,

                                        Plaintiff,

          -against-

MICHAEL KAMENS,

                                        Defendant.

------------------------------------------------------------------- X

MICHAEL KAMENS,

Third-Party Plaintiff/Counter-Claimant,

              -against-

SANJAY ISRANI, et al.,

Third-Party Defendants/Counter-Defendant.

------------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:_  12/4/2013

13-CV-02355 (WHP)(SN)

<u>ORDER</u>

**SARAH NETBURN, United States Magistrate Judge:**

The Court has received letters from counsel for Defendant/Third-Party Plaintiff Michael Kamens ("Kamens") and counsel for the Plaintiff ("Plaintiff"), dated November 22 and 27, 2013, respectively, filed in response to the Court's November 14, 2013 Order.[1] In its letter, counsel for plaintiff represents that documents responsive to Michael Kamens's Second Document Requests and Interrogatories (the "Second Demands") shall be produced by December 2, 2013. The Court assumes that this is true, and that all responsive non-privileged documents have now been produced. The Court further assumes, however, that the Plaintiff has not responded to the contention interrogatories (or not to all of them) and does not intend to do so. In addition,

---

[1] The letters also include mutual accusations that counsel have not acted in accordance with the standards of the profession in this case. Although I will not comment on those claims, I note that at the November 13, 2013 discovery conference, counsel for the plaintiff was entirely unprepared and unable to articulate the plaintiff's claim or respond to any questions concerning the plaintiff's allegations. At all future conferences, lead trial counsel for the plaintiff shall appear.

counsel for Kamens indicates that it has withdrawn his "last discovery requests," which the Court assumes to be the Michael Kamens's Third Interrogatories and Document Requests (the "Third Demands").

Rule 33(a)(2) of the Federal Rules of Civil Procedure expressly authorizes the use of interrogatories seeking the responding party's contentions or opinions. In this District, however, the use of contention interrogatories is strictly regulated.

During discovery, Local Civil Rule 33.3(b) authorizes the use of contention interrogatories "if they are a more practical method of obtaining the information sought than a request for production or a deposition." Counsel for Kamens has not provided any argument for why the contention interrogatories set forth in the Second Demands are a more practical method to obtain information regarding the plaintiff's claims. Rather, what is offered is only that the Plaintiff had, until most recently, failed to respond to *any* discovery demands. This frustration is not a basis to permit the use of a discovery method that is otherwise – and for good cause – disfavored in this Court.

But even if there had been a showing that satisfied the technical requirements of Local Civil Rule 33.3(b), the Court has reviewed the interrogatories set forth in the Second Demands and concluded that they are not proper. Contention interrogatories should be carefully drafted to obtain "contentions," rather than something more appropriately obtained through other discovery methods, such as depositions. See generally 2 Silberg et al., Civil Practice in the Southern District of New York § 20:7 (2d ed. 2013). Here, the eight interrogatories seek "all evidence and every fact that support" various allegations of the plaintiff. Such interrogatories are patently over broad. See Ritchie Risk–Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC, 273 F.R.D. 367, 369 (S.D.N.Y. 2010) (declining to require responses to interrogatories that "seek

every fact, every piece of evidence, every witness, and every application of law to fact"); Clean Earth Remediation and Const. Servs., Inc. v. American Intern. Group. Inc., 245 F.R.D. 137, 141 (S.D.N.Y. 2007) ("interrogatories seeking identification of all facts supporting a particular allegation are inherently improper"); Convolve, Inc. v. Compaq Computer Corp., 223 F.R.D. 162, 173 (S.D.N.Y. 2004) (declining to require responses to interrogatories that "demand the identification of each document that supports [the plaintiff's] allegations"). They are also impermissible because they seek to elicit a detailed narrative supporting the various allegations of the complaint, information that is plainly better obtained through deposition and documents. See Rivers v. Safesite Nat. Bus. Records Mgmt. Corp., 94 Civ. 5323 (JSM)(MHD), 1995 WL 510034, at *1 (S.D.N.Y. Aug. 28, 1995) (interrogatories stricken because "they call for repeated detailed narratives of the events at issue," and demand a description of "all facts" that support all of the principal allegations).

Contention interrogatories may also be served at the close of discovery pursuant to Local Civil Rule 33.3(c) ("[a]t the conclusion of other discovery, and at least 30 days prior to the discovery cut-off date, interrogatories seeking the claims and contentions of the opposing party may be served unless the Court has ordered otherwise."). Contention interrogatories coming at the end of discovery are intended to "narrow the issues for trial," not to "reveal new information to the opposing side." Pasternak v. Kim, 10 Civ. 5045 (LTS)(JLC), 2011 WL 4552389, at *3 (S.D.N.Y. Sept. 28, 2011) (quotation marks omitted). See also Erchonia Corp. v. Bissoon, 07 Civ. 8696 (DLC), 2011 WL 3904600, at *8 (S.D.N.Y. Aug. 26, 2011) ("In this District, contention interrogatories, unlike other types of discovery, are not designed to reveal new information to the opposing side. Rather, they are 'designed to assist parties in narrowing and

clarifying the disputed issues' in advance of summary judgment practice or trial.") (citations omitted).

The Second Demands were served on October 23, 2013, and discovery presumptively closed on November 15, 2013. The Court has, however, stayed any additional discovery pending the December 12, 2013 settlement conference, and indicated that if the case does not settle, further time will be permitted for limited discovery. In light of this, the Court finds that these contention interrogatories were timely served under Local Civil Rule 33.3(c). But the interrogatories submitted in the Second Demands do not narrow the issues for trial in any way; rather they seek new information about the plaintiffs' theory of the case and are therefore impermissible.

## CONCLUSION

Because the contention interrogatories set forth in the Second Demands are over broad and do not narrow the issue for trial, the Plaintiff need not respond to them. Kamens, will, however, be permitted to depose a witness in response to the documents produced in response to the Second Demands. Unless Kamens believes such deposition should occur before the December 12, 2013 settlement conference in order for that conference to be productive, it shall be adjourned to a date thereafter.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge


DATED:      New York, New York
            December 4, 2013